## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DELAWARE DISPLAY GROUP LLC** | § | |
| **AND INNOVATIVE DISPLAY** | § | |
| **TECHNOLOGIES LLC** | § | |
| | § | **C.A. No. _____** |
| | § | |
| **Plaintiffs,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **v.** | § | |
| | § | |
| **VIZIO, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' COMPLAINT

Delaware Display Group LLC and Innovative Display Technologies LLC (collectively, "Plaintiffs") by and through their undersigned counsel, file this Complaint against Vizio, Inc. ("Vizio").

## THE PARTIES

1.      Delaware Display Group LLC ("DDG") is a Delaware limited liability company with its principal place of business located at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2.      Innovative Display Technologies LLC ("IDT") is a Texas limited liability company with its principal place of business located at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

3.      Upon information and belief, Vizio, Inc. ("Vizio") is a company incorporated in Delaware with offices at 39 Tesla, Irvine, California 92618. Upon information and belief, Vizio may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

1

4.      Upon information and belief, Vizio has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware.

**JURISDICTION AND VENUE**

5.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.      As further detailed herein, this Court has personal jurisdiction over Vizio. Vizio is amenable to service of summons for this action. Furthermore, personal jurisdiction over Vizio in this action comports with due process. Vizio has conducted and regularly conducts business within the United States and this District. Vizio has purposefully availed itself of the privileges of conducting business in the United States and, more specifically, in this District. Vizio has sought protection and benefit from the laws of the State of Delaware by incorporating in the state of Delaware and/or by placing infringing products into the stream of commerce through an established distribution channel with the expectation and/or knowledge that they will be purchased by consumers in this District. Plaintiffs' causes of action arise directly from Vizio's business contacts and other activities in this District.

7.      Vizio – directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale, and/or sells its products in the United States and this District. Vizio has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation and/or knowledge that they will be purchased by consumers in this District. Vizio knowingly and purposefully ships infringing products into and within this District through an

2

established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, Vizio has committed the tort of patent infringement in this District and/or has induced others to commit patent infringement in this District.

8.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), in that Vizio is subject to personal jurisdiction in this District, and therefore is deemed to reside in this District for purposes of venue, and, upon information and belief, Vizio has committed acts within this judicial District giving rise to this action and does business in this District, including but not limited to making sales in this District, providing service and support to their respective customers in this District, and/or operating an interactive website that is available to persons in this District, which website advertises, markets, and/or offers for sale infringing products.

## **BACKGROUND**

### A.      **The Patents-In-Suit.**

9.      U.S. Patent No. 6,755,547 titled "Light Emitting Panel Assemblies" ("the '547 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 29, 2004, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '547 patent. A true and correct copy of the '547 patent is attached as **Exhibit A** and made a part hereof.

10.      U.S. Patent No. 7,300,194 titled "Light Emitting Panel Assemblies" ("the '194 patent") was duly and legally issued by the U.S. Patent and Trademark Office on November 27, 2007, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '194 patent. A true and correct copy of the '194 patent is attached as **Exhibit B** and made a part hereof.

11.     U.S. Patent No. 7,384,177 titled "Light Emitting Panel Assemblies" ("the '177 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 10, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '177 patent. A true and correct copy of the '177 patent is attached as **Exhibit C** and made a part hereof.

12.     U.S. Patent No. 7,404,660 titled "Light Emitting Panel Assemblies" ("the '660 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 29, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '660 patent. A true and correct copy of the '660 patent is attached as **Exhibit D** and made a part hereof.

13.     U.S. Patent No. 7,434,974 titled "Light Emitting Panel Assemblies" ("the '974 patent") was duly and legally issued by the U.S. Patent and Trademark Office on October 14, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '974 patent. A true and correct copy of the '974 patent is attached as **Exhibit E** and made a part hereof.

14.     U.S. Patent No. 7,537,370 titled "Light Emitting Panel Assemblies" ("the '370 patent") was duly and legally issued by the U.S. Patent and Trademark Office on May 26, 2009, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '370 patent. A true and correct copy of the '370 patent is attached as **Exhibit F** and made a part hereof.

15.     U.S. Patent No. 7,914,196 titled "Light Redirecting Film Systems Having Pattern of Variable Optical Elements" ("the '196 patent") was duly and legally issued by the U.S. Patent and Trademark Office on March 29, 2011, after full and fair examination. Jeffery R. Parker, Timothy A. McCollum, and Robert M. Ezell are the inventors listed on the '196 patent. A true and correct copy of the '196 patent is attached as **Exhibit G** and made a part hereof.

16.     U.S. Patent No. 8,215,816 titled "Light Emitting Panel Assemblies" ("the '816 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 10, 2012, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '816 patent. A true and correct copy of the '816 patent is attached as **Exhibit H** and made a part hereof.

17.     The '196 patent is referred to as the "DDG patent."

18.     The '547 patent, the '194 patent, the '177 patent, the '660 patent, the '974 patent, the '370 patent, and the '816 patent are collectively referred to as the "IDT patents."  Together, the "DDG patent" and the "IDT patents" are the "patents-in-suit."

19.     On July 26, 2013, IDT was assigned all of the right, title, and interest in the IDT patents, including the exclusive right to sue and collect for its own use and benefit all claims for damages by reason of past infringement or use of the IDT patents.

20.     On December 20, 2013, DDG was assigned all of the right, title, and interest in the DDG patent, including the exclusive right to sue and collect for its own use and benefit all claims for damages by reason of past infringement or use of the DDG patent.

21.     The patents-in-suit all share the same ultimate parent patent, U.S. Patent No. 5,613,751. The patents-in-suit share inventors, subject matter, and claim terms.  The accused products infringe the patents-in-suit based on the use of the same technology, *e.g.*, backlights for LCDs.  And IDT and DDG share a common corporate parent.

**B.     Vizio's Infringing Conduct.**

22.     Upon information and belief, Vizio makes, uses, offers to sell, and/or sells within, and/or imports into the United States display products that use the fundamental technologies covered by the patents-in-suit. Upon information and belief, the infringing display products include, but are not limited to, televisions, laptops, desktops, and tablets with an LCD display.

By way of example only, Plaintiffs identify the E261VA television as an infringing product of the patents-in-suit.

23.     By incorporating the fundamental inventions covered by the patents-in-suit, Vizio can make improved products, including but not limited to, products with longer displays, thinner displays, and/or displays with a higher light output, a more uniform light output, a lower power requirement, and/or a longer battery life.

24.     Upon information and belief, third-party distributors purchase and have purchased Vizio's infringing display products for sale or importation into the United States, including in this District. Upon information and belief, third-party consumers use and have used Vizio's infringing display products in the United States, including in this District.

25.     Upon information and belief, Vizio has purchased infringing display products that are made, used, offered for sale, sold within, and/or imported into the United States, including in this District by third party manufacturers, distributors, and/or importers.

<u>**COUNT I**</u>

<u>**Patent Infringement of U.S. Patent No. 6,755,547**</u>

26.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-25 as though fully set forth herein.

27.     The '547 patent is valid and enforceable.

28.     Vizio has never been licensed, either expressly or impliedly, under the '547 patent.

29.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to Vizio of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '547 patent have complied with the marking

requirements of 35 U.S.C. § 287 by placing a notice of the '547 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

30.     Upon information and belief, Vizio has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '547 patent by making, using, offering to sell, and/or selling to third-party distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '547 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, their display components, and/or other products made, used, sold, offered for sale, or imported by Vizio that include all of the limitations of one or more claims of the '547 patent.

31.     Upon information and belief, distributors and consumers that purchase Vizio's display products that include all of the limitations of one or more claims of the '547 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '547 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

32.     Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Vizio that include all of the limitations of one or more claims of the '547 patent, also directly infringe, either literally or under the doctrine of

equivalents, under 35 U.S.C. § 271(a), the '547 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

33.     Upon information and belief, Vizio had knowledge of the '547 patent and its infringing conduct at least since the filing of this lawsuit, when Vizio was formally placed on notice of its infringement.

34.     Upon information and belief, since at least the above-mentioned date when IDT formally placed Vizio on notice of its infringement, Vizio has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '547 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, to directly infringe one or more claims of the '547 patent. Since at least the notice provided on the above-mentioned date, Vizio does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '547 patent. Upon information and belief, Vizio intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

35.     As a direct and proximate result of these acts of patent infringement, Vizio has encroached on the exclusive rights of IDT and its licensees to practice the '547 patent, for which IDT is entitled to at least a reasonable royalty.

## COUNT II

## Patent Infringement of U.S. Patent No. 7,300,194

36.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-35 as though fully set forth herein

37.     The '194 patent is valid and enforceable.

38.     Vizio has never been licensed, either expressly or impliedly, under the '194 patent.

39.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to Vizio of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '194 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '194 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

40.     Upon information and belief, Vizio has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '194 patent by making, using, offering to sell, and/or selling to third-party distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '194 patent, including but not limited to televisions,

9

laptops, desktops, and tablets with an LCD display, their display components, and/or other products made, used, sold, offered for sale, or imported by Vizio that include all of the limitations of one or more claims of the '194 patent.

41.     Upon information and belief, distributors and consumers that purchase Vizio's display products that include all of the limitations of one or more claims of the '194 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '194 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

42.     Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Vizio that include all of the limitations of one or more claims of the '194 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '194 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

43.     Upon information and belief, Vizio had knowledge of the '194 patent and its infringing conduct at least since the filing of this lawsuit, when Vizio was formally placed on notice of its infringement.

44.     Upon information and belief, since at least the above-mentioned date when IDT formally placed Vizio on notice of its infringement, Vizio has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '194 patent,

including but not limited to televisions, laptops, desktops, and tablets with an LCD display, to directly infringe one or more claims of the '194 patent. Since at least the notice provided on the above-mentioned date, Vizio does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '194 patent. Upon information and belief, Vizio intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

45.     As a direct and proximate result of these acts of patent infringement, Vizio has encroached on the exclusive rights of IDT and its licensees to practice the '194 patent, for which IDT is entitled to at least a reasonable royalty.

## COUNT III

### Patent Infringement of U.S. Patent No. 7,384,177

46.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-45 as though fully set forth herein.

47.     The '177 patent is valid and enforceable.

48.     Vizio has never been licensed, either expressly or impliedly, under the '177 patent.

49.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or

constructive notice to Vizio of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '177 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '177 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

50.     Upon information and belief, Vizio has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '177 patent by making, using, offering to sell, and/or selling to third-party distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '177 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, their display components, and/or other products made, used, sold, offered for sale, or imported by Vizio that include all of the limitations of one or more claims of the '177 patent.

51.     Upon information and belief, distributors and consumers that purchase Vizio's display products that include all of the limitations of one or more claims of the '177 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '177 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

52.     Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Vizio that include all of the limitations of one or more claims of the '177 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '177 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

53.     Upon information and belief, Vizio had knowledge of the '177 patent and its infringing conduct at least since the filing of this lawsuit, when Vizio was formally placed on notice of its infringement.

54.     Upon information and belief, since at least the above-mentioned date when IDT formally placed Vizio on notice of its infringement, Vizio has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '177 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, to directly infringe one or more claims of the '177 patent. Since at least the notice provided on the above-mentioned date, Vizio does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '177 patent. Upon information and belief, Vizio intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing

technical support, replacement parts, or services for these products to these purchasers in the United States.

55.     As a direct and proximate result of these acts of patent infringement, Vizio has encroached on the exclusive rights of IDT and its licensees to practice the '177 patent, for which IDT is entitled to at least a reasonable royalty.

## COUNT IV

## Patent Infringement of U.S. Patent No. 7,404,660

56.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-55 as though fully set forth herein.

57.     The '660 patent is valid and enforceable.

58.     Vizio has never been licensed, either expressly or impliedly, under the '660 patent.

59.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to Vizio of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '660 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '660 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

60.     Upon information and belief, Vizio has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '660 patent by making, using, offering to sell, and/or selling to third-party distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States

and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '660 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, their display components, and/or other products made, used, sold, offered for sale, or imported by Vizio that include all of the limitations of one or more claims of the '660 patent.

61.    Upon information and belief, distributors and consumers that purchase Vizio's display products that include all of the limitations of one or more claims of the '660 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '660 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

62.    Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Vizio that include all of the limitations of one or more claims of the '660 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '660 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

63.    Upon information and belief, Vizio had knowledge of the '660 patent and its infringing conduct at least since the filing of this lawsuit, when Vizio was formally placed on notice of its infringement.

64.    Upon information and belief, since at least the above-mentioned date when IDT formally placed Vizio on notice of its infringement, Vizio has actively induced, under U.S.C. §

271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '660 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, to directly infringe one or more claims of the '660 patent. Since at least the notice provided on the above-mentioned date, Vizio does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '660 patent. Upon information and belief, Vizio intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

65.     As a direct and proximate result of these acts of patent infringement, Vizio has encroached on the exclusive rights of IDT and its licensees to practice the '660 patent, for which IDT is entitled to at least a reasonable royalty.

## COUNT V

### Patent Infringement of U.S. Patent No. 7,434,974

66.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-65 as though fully set forth herein.

67.     The '974 patent is valid and enforceable.

68.     Vizio has never been licensed, either expressly or impliedly, under the '974 patent.

69.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to Vizio of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '974 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '974 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

70.     Upon information and belief, Vizio has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '974 patent by making, using, offering to sell, and/or selling to third-party distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '974 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, their display components, and/or other products made, used, sold, offered for sale, or imported by Vizio that include all of the limitations of one or more claims of the '974 patent.

71.     Upon information and belief, distributors and consumers that purchase Vizio's display products that include all of the limitations of one or more claims of the '974 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '974 patent by using, offering to sell, and/or selling to third-party distributors or consumers

(directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

72.     Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Vizio that include all of the limitations of one or more claims of the '974 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '974 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

73.     Upon information and belief, Vizio had knowledge of the '974 patent and its infringing conduct at least since the filing of this lawsuit, when Vizio was formally placed on notice of its infringement.

74.     Upon information and belief, since at least the above-mentioned date when IDT formally placed Vizio on notice of its infringement, Vizio has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '974 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, to directly infringe one or more claims of the '974 patent. Since at least the notice provided on the above-mentioned date, Vizio does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '974 patent. Upon information and belief, Vizio intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these

products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

75.     As a direct and proximate result of these acts of patent infringement, Vizio has encroached on the exclusive rights of IDT and its licensees to practice the '974 patent, for which IDT is entitled to at least a reasonable royalty.

<u>**COUNT VI**</u>

<u>**Patent Infringement of U.S. Patent No. 7,537,370**</u>

76.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-75 as though fully set forth herein.

77.     The '370 patent is valid and enforceable.

78.     Vizio has never been licensed, either expressly or impliedly, under the '370 patent.

79.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to Vizio of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '370 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '370 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

80.     Upon information and belief, Vizio has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '370 patent by making,

using, offering to sell, and/or selling to third-party distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '370 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, their display components, and/or other products made, used, sold, offered for sale, or imported by Vizio that include all of the limitations of one or more claims of the '370 patent.

81.     Upon information and belief, distributors and consumers that purchase Vizio's display products that include all of the limitations of one or more claims of the '370 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '370 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

82.     Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Vizio that include all of the limitations of one or more claims of the '370 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '370 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

83.     Upon information and belief, Vizio had knowledge of the '370 patent and its infringing conduct at least since the filing of this lawsuit, when Vizio was formally placed on notice of its infringement.

84.     Upon information and belief, since at least the above-mentioned date when IDT formally placed Vizio on notice of its infringement, Vizio has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '370 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, to directly infringe one or more claims of the '370 patent. Since at least the notice provided on the above-mentioned date, Vizio does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '370 patent. Upon information and belief, Vizio intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

85.     As a direct and proximate result of these acts of patent infringement, Vizio has encroached on the exclusive rights of IDT and its licensees to practice the '370 patent, for which IDT is entitled to at least a reasonable royalty.

## COUNT VII

### Patent Infringement of U.S. Patent No. 7,914,196

86.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-85 as though fully set forth herein.

87.     The '196 patent is valid and enforceable.

88.     Vizio has never been licensed, either expressly or impliedly, under the '196 patent.

89.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, DDG has complied with the requirements of that statute by providing actual or constructive notice to Vizio of its alleged infringement. Upon information and belief, DDG surmises that any express licensees of the '196 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '196 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

90.     Upon information and belief, Vizio has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '196 patent by making, using, offering to sell, and/or selling to third-party distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '196 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, their display components, and/or other products made, used, sold, offered for sale, or imported by Vizio that include all of the limitations of one or more claims of the '196 patent.

91.     Upon information and belief, distributors and consumers that purchase Vizio's display products that include all of the limitations of one or more claims of the '196 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a),

the '196 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

92.    Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Vizio that include all of the limitations of one or more claims of the '196 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '196 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

93.    Upon information and belief, Vizio had knowledge of the '196 patent and its infringing conduct at least since the filing of this lawsuit, when Vizio was formally placed on notice of its infringement.

94.    Upon information and belief, since at least the above-mentioned date when DDG formally placed Vizio on notice of its infringement, Vizio has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '196 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, to directly infringe one or more claims of the '196 patent. Since at least the notice provided on the above-mentioned date, Vizio does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '196 patent. Upon information and belief, Vizio intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for

these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

95.     As a direct and proximate result of these acts of patent infringement, Vizio has encroached on the exclusive rights of DDG and its licensees to practice the '196 patent, for which DDG is entitled to at least a reasonable royalty.

## COUNT VIII

## Patent Infringement of U.S. Patent No. 8,215,816

96.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-95 as though fully set forth herein.

97.     The '816 patent is valid and enforceable.

98.     Vizio has never been licensed, either expressly or impliedly, under the '816 patent.

99.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to Vizio of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '816 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '816 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

100.     Upon information and belief, Vizio has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing,

by way of inducement with specific intent under 35 U.S.C. § 271(b), the '816 patent by making, using, offering to sell, and/or selling to third-party distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '816 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, their display components, and/or other products made, used, sold, offered for sale, or imported by Vizio that include all of the limitations of one or more claims of the '816 patent.

101. Upon information and belief, distributors and consumers that purchase Vizio's display products that include all of the limitations of one or more claims of the '816 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '816 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

102. Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Vizio that include all of the limitations of one or more claims of the '816 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '816 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

103.    Upon information and belief, Vizio had knowledge of the '816 patent and its infringing conduct at least since the filing of this lawsuit, when Vizio was formally placed on notice of its infringement.

104.    Upon information and belief, since at least the above-mentioned date when IDT formally placed Vizio on notice of its infringement, Vizio has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '816 patent, including but not limited to televisions, laptops, desktops, and tablets with an LCD display, to directly infringe one or more claims of the '816 patent. Since at least the notice provided on the above-mentioned date, Vizio does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '816 patent. Upon information and belief, Vizio intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

105.    As a direct and proximate result of these acts of patent infringement, Vizio has encroached on the exclusive rights of IDT and its licensees to practice the '816 patent, for which IDT is entitled to at least a reasonable royalty.

## CONCLUSION

106.    Plaintiffs are entitled to recover from Vizio the damages sustained by Plaintiffs as a result of Vizio's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

107.    Plaintiffs have incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

108.    Plaintiffs hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

109.    Plaintiffs respectfully request that the Court find in its favor and against Vizio, and that the Court grant Plaintiffs the following relief:

A.    A judgment that Vizio has infringed the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;

B.    A judgment for an accounting of all damages sustained by Plaintiffs as a result of the acts of infringement by Vizio;

C.    A judgment and order requiring Vizio to pay Plaintiffs damages under 35 U.S.C. § 284 and any royalties determined to be appropriate;

D.    A permanent injunction enjoining Vizio and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all

others acting in concert or privity with them from direct and/or indirect infringement of the patents-in-suit pursuant to 35 U.S.C. § 283;

E. A judgment and order requiring Vizio to pay Plaintiffs pre-judgment and post-judgment interest on the damages awarded;

F. A judgment and order finding this to be an exceptional case and requiring Vizio to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

G. Such other and further relief as the Court deems just and equitable.

Dated: December 31, 2013          Respectfully submitted,

**FARNAN LLP**


*/s/ Brian E. Farnan*
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
302-777-0300 Telephone
302-777-0301 Facsimile
farnan@farnanlaw.com
bfarnan@farnanlaw.com

Of Counsel:

Jeffrey R. Bragalone
Patrick J. Conroy
Justin B. Kimble
Daniel F. Olejko
T. William Kennedy, Jr.
**BRAGALONE CONROY P.C.**
Chase Tower,
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jkimble@bcpc-law.com
dolejko@bcpc-law.com


Attorneys for Plaintiffs
**DELAWARE DISPLAY GROUP LLC and
INNOVATIVE DISPLAY
TECHNOLOGIES LLC**