# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DELAWARE DISPLAY GROUP LLC
AND INNOVATIVE DISPLAY
TECHNOLOGIES LLC


                    Plaintiffs,

        v.


VIZIO, INC.,


                    Defendant.

C.A. No. 13-2112-RGA


REDACTED - PUBLIC VERSION

---

## DEFENDANT VIZIO, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

GIBSON, DUNN & CRUTCHER LLP

Jason C. Lo
Raymond A. LaMagna
Jeffrey G. Lau
333 South Grand Avenue
Los Angeles, CA 90071-3197

Cassandra Gaedt-Sheckter
1881 Page Mill Road
Palo Alto, CA 94304-1211

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Counsel for VIZIO, Inc.*

Dated:  December 21, 2015

**TABLE OF CONTENTS**

Page

I.  LEGAL STANDARDS ............................................................................................... 3

    A.  Pleading Requirements .................................................................................. 3

    B.  Allegations of Willfulness ............................................................................. 4

II. ARGUMENT............................................................................................................. 4

    A.  Plaintiffs' Amendment Is Not Properly Pleaded or Supported, and Is Futile......... 4

        1.  Plaintiffs' Willfulness Allegations Are Insufficiently Pleaded and Futile ......... 4

            a)  Plaintiffs Cannot and Do Not Plead Facts to Show Objective Recklessness .................................................. 5

            b)  Plaintiffs Cannot and Do Not Plead Facts to Show Subjective Recklessness ................................................ 8

            c)  Plaintiffs Cannot Rely on Inapposite Authority to Forgive Their Failures .................................................. 9

        2.  Plaintiffs' Infringement Allegations Are Insufficiently Pleaded and Futile .................................................. 10

    B.  Plaintiffs' Proposed Pleadings Are Neither Timely, nor Brought in Good Faith ................................................. 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple, Inc. v. Samsung Electronics Co.*,
    67 F. Supp. 3d 1100 (N.D. Cal. 2014) ................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................2, 3, 4, 5, 8, 10, 11

*Bard Peripheral Vascular, Inc. v. W.L Gore & Assoc., Inc.*,
    682 F.3d 1003 (Fed. Cir. 2012) .................................................................4, 5, 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................2, 3, 4, 5, 8, 11

*Carnegie Mellon Univ. v. Marvell Tech. Group*,
    __ F.3d __, 2015 WL 4639309 (Fed. Cir. 2015) ...................................................4, 7

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    No. 11-1175-RGA, 2012 WL 6968938 (D. Del. Sept. 24, 2014) .............................................3

*Flower v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ........................................................................3

*Forman v. Davis*,
    371 U.S. 178 (1962) ...............................................................................3

*Invensas Corp. v. Renesas Elecs. Corp*,
    No. 11-448-GMS-CJB, 2013 WL 1776112 (D. Del. Apr. 24, 2013) ......................................12

*IPVenture Inc. v. Lenovo*,
    No. 11-588-RGA, 2103 WL 126276 (D. Del. Jan. 8, 2013).........................................3

*Jang v. Boston Scientific Scimed. Inc.*,
    No. 10-681-SLR, 2012 WL 3106753 (D. Del. July 31, 2012) ....................................3, 12, 13

*In re Seagate Tech., LLC*,
    497 F. 3d 1360 (Fed. Cir. 2007).................................................................4, 5, 6

**Statutes**

35 U.S.C. § 112...............................................................................................6

35 U.S.C. § 271(a) .........................................................................................10

**Rules**

Fed. R. Civ. P. 8...........................................................................................4, 9

# TABLE OF AUTHORITIES
(continued)

Page(s)

Fed. R. Civ. P. 8(a) ............................................................................................................3

Fed. R. Civ. P. 11 .........................................................................................................7, 11

Fed. R. Civ. P. 12 .........................................................................................................4, 9

Fed. R. Civ. P. 84 ............................................................................................................11

To set forth a willfulness claim, Plaintiffs must show that, in addition to VIZIO having notice of the patents, VIZIO acted with both objective and subjective recklessness. Plaintiffs cannot plead these two elements with just conclusory statements or formulaic recitations—they must plead factual allegations that support a plausible claim that both objective and subjective prongs are met. But Plaintiffs have not pleaded facts that support either of these requirements.

First, Plaintiffs have not pleaded any facts to show that VIZIO's actions were objectively unreasonable. Nor could they. Beyond the fact that VIZIO has asserted substantial defenses in this case, the PTO has separately instituted four IPRs based on the same prior art references raised by VIZIO in this case, and three more IPR requests are pending before the PTO. As a result of these IPR proceedings, Plaintiffs already have dismissed four patents from the case. Moreover, this Court recently invalidated two patents in claim construction based on VIZIO's defenses, including one invalidated on grounds identified by another court in a prior proceeding. In short, not only have Plaintiffs failed to plead any facts to suggest that VIZIO's invalidity positions are baseless or unreasonable, the undisputed chain of events since the filing of Plaintiffs' initial complaint demonstrates that VIZIO's defenses are well-founded and legitimate.

Nor can Plaintiffs plead (much less prove) that VIZIO's non-infringement defenses are unreasonable. After two years of litigation—and after multiple supposed investigations by Plaintiffs—Plaintiffs still have not served a single allegation in this case that properly identifies any basis on which a single VIZIO product practices any allegedly novel aspect of any one of Plaintiffs' asserted patents. Plaintiffs thus cannot allege and have not alleged any facts critiquing VIZIO's defenses to Plaintiff's infringement theories, which have yet to be announced. These deficiencies necessarily render Plaintiffs' pleading insufficient and futile.

Second, Plaintiffs fail to allege facts showing that VIZIO's actions were subjectively unreasonable.  Plaintiffs' only allegations here—equivocal facts that VIZIO had notice of the patents and did not take a license—are legally insufficient to support that VIZIO's actions were subjectively reckless, as explained by the Supreme Court itself in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly* .  For this reason also, Plaintiffs' pleading is both insufficient and futile.

In addition to failing to properly plead willfulness, Plaintiffs' proposed allegations of direct infringement also fall short of the standards enunciated by the Supreme Court, which require that legal conclusions must be supported by factual allegations sufficient to establish that a claim to relief is plausible on the face of the pleading.  Far from meeting this standard, Plaintiffs fail to plead a single fact supporting a reasonable inference that VIZIO is liable for direct infringement.  Instead, Plaintiffs improperly state their allegation of direct infringement by merely reciting the claim's legal elements, without any specific factual support.  This is not a deficiency that arises at the beginning of the case, when a party's lack of facts might be excused.  Here, Plaintiffs purport to have conducted multiple investigations both before the litigation and before serving initial infringement contentions.  Yet, not a single fact supporting Plaintiffs' entitlement to relief is included to support this newly proposed pleading (nor have such facts been disclosed in infringement contentions as ordered by this Court).  There is no excuse for Plaintiffs' failure to properly plead or support their infringement claims at this stage.

Plaintiffs should not be permitted to litigate unsupported or unsustainable claims.  Leave to further amend Plaintiffs' claims—now sought for the third time—should be denied.

## I.  LEGAL STANDARDS

Courts deny leave to file amended pleadings that are insufficiently pleaded and/or futile. *See, e.g.*, *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Jang v. Boston Scientific Scimed. Inc.*, No. 10-681-SLR, 2012 WL 3106753, at *2 (D. Del. July 31, 2012) ("If the proposed amendment 'is frivolous or advances a claim or defense that is legally insufficient on its face, the Court may deny leave to amend.'").  Amendments are likewise denied if they are brought in bad faith, are untimely, or prejudice the non-moving party.  *E.g.*, *id.*; *Forman*, 371 U.S. at 182.

### A.      Pleading Requirements

All pleadings must set forth a statement that shows "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, reciting "unadorned" "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient.  *Id.*  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570). This occurs only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Legal conclusions "must be supported by factual allegations."  *Id.* at 679.  "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth."  *Id.*  "[T]here must be facts alleged that 'are sufficient to show that the plaintiff has a plausible claim for relief.'" *IPVenture Inc. v. Lenovo*, No. 11-588-RGA, 2103 WL 126276, at *2 (D. Del. Jan. 8, 2013) (citing *Ashcroft v. Iqbal* and *Flower v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009)); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2012 WL 6968938, at *2 (D. Del. Sept. 24,

3

2014) (same).  In particular, "[w]here a complaint [only] pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**B.      Allegations of Willfulness**

"[A] patentee must have a good faith basis for alleging willful infringement."  *In re Seagate Tech., LLC*, 497 F. 3d 1360, 1374 (Fed. Cir. 2007) (*en banc*) (citing Fed. R. Civ. P. 8 and 12).  In addition to showing that VIZIO had notice of the patents in suit, to be entitled to relief for willful infringement requires facts showing:

> (1)   "clear and convincing evidence that [VIZIO] acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and that
>
> (2)   the risk "was either known or so obvious that it should have been known."

*Seagate*, 497 F.3d at 1371.  "The state of mind of the accused infringer is not relevant to th[e] objective" prong (1) above.  *Id.*  This "objective prong" is "a separate legal test" that "is best decided by the judge as a question of law."  *Bard Peripheral Vascular, Inc. v. W.L Gore & Assoc., Inc.*, 682 F.3d 1003, 1005, 1007 (Fed. Cir. 2012).  It is satisfied only if each and every validity and non-infringement defense asserted by VIZIO against an asserted patent is held by the Court to be "objectively baseless" and unreasonable.  *See, e.g.*, *id.* at 1006–07; *Carnegie Mellon Univ. v. Marvell Tech. Group*, __ F.3d __, 2015 WL 4639309, at *15 (Fed. Cir. 2015).

II. ARGUMENT

**A.      Plaintiffs' Amendment Is Not Properly Pleaded or Supported, and Is Futile**

      **1.      Plaintiffs' Willfulness Allegations Are Insufficiently Pleaded and Futile**

To be entitled to relief, Plaintiffs must satisfy the objective and subjective prongs of the willful infringement inquiry.  Here, however, Plaintiffs have failed to allege factual allegations that support either of these elements of their claim.  Instead, to show that VIZIO acted with

4

objective and subjective recklessness, Plaintiffs offer only a formulaic recitation of the elements, supported by mere conclusory statements devoid of facts to support a plausible claim—exactly what the Supreme Court prohibits. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557.

Plaintiffs' allegations of objective and subjective recklessness rely on pleading one bare fact:  After having allegedly received notice of the asserted patents in 2012, VIZIO "refus[ed] to take a license and continu[ed] to make, sell, and import display products."[1]  Mot. at Exs. 1 & 2 at ¶¶ 33, 46, 60, 74.  This does not sufficiently support either prong of Plaintiffs' new claim, nor, as explained below, can Plaintiffs remedy this deficiency by pleading (much less proving) the elements necessary to claim willfulness.  Plaintiffs' proposed pleading is thus substantively deficient and futile.

### a)    Plaintiffs Cannot and Do Not Plead Facts to Show Objective Recklessness

To satisfy the objective prong, Plaintiffs must show that VIZIO "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *E.g.*, *Seagate*, 497 F.3d at 1371.  To meet this, each of VIZIO's validity and non-infringement defenses must be objectively baseless and unreasonable.  *See, e.g., Bard*, 682 F.3d at 1006–07.  But Plaintiffs plead no facts or allegations to suggest that any of VIZIO's defenses (much less all of them) are baseless.  Indeed, the proposed pleading is entirely silent as to VIZIO's defenses.

---

[1]   Regarding notice, Plaintiffs state that, ███████████████████████████
██████████████████████████████████████████████████
████████████████████████  Mot. at Exs. 1 & 2 at ¶¶ 31–32, 44–45, 57–59, 71–73.
Plaintiffs presently assert infringement of U.S. Patent Nos. 7,434,974, 7357,370, 7,914,196, and 8,215,816 (here referred to as the '974, '370, '196, and '816 patents respectively).

This legal and factual void cannot be filled by Plaintiffs' bare allegations of notice.[2]  As the Federal Circuit has made clear, notice of a patent does not support the objective prong of the willfulness inquiry:  "The state of mind of the accused infringer is not relevant to th[e] objective" inquiry.  *Seagate,* 497 F.3d at 1371.  Instead, the objective inquiry is a "separate legal test from *Seagate*'s subjective component." *Bard*, 682 F.3d at 1005.

Nor, at this late stage in the case, should Plaintiffs be given yet another chance to amend their pleadings further in an effort to fix this problem in what would be Plaintiffs' fourth opportunity to amend, now past the Court's current December 18th deadline for the completion of fact discovery.  Not only, as described further below, have Plaintiffs tactically elected to withhold allegations, facts, and theories from the case in a manner that prejudices Defendants, but Plaintiffs' present pleading deficiency cannot be remedied by redrafting their claims.  Plaintiffs' willfulness claim is futile, both from a pleading perspective and on its merits.  Plaintiffs cannot colorably or in good faith allege (much less prove) that each of VIZIO's multiple defenses, including those already validated by the Court, is objectively baseless.  First, VIZIO has served invalidity contentions that even Plaintiffs acknowledge to be "extensive."  Ex. B [11/5/15 Hearing Tr.] at 30:13–15; Ex. A [VIZIO Invalidity Contentions].  These include allegations that each of the asserted patents is anticipated and/or rendered obvious based on substantial prior art, and/or invalid per 35 U.S.C. § 112 as indefinite, not enabled, and/or not properly described.  *See* Ex. A.[3]

---

[2]  For the sake of this motion, Plaintiffs' factual allegations concerning notice are treated as true, which does not constitute an admission by VIZIO of the facts alleged.

[3]  By way of example, VIZIO asserted 24 prior art systems or written references as anticipating or rendering obvious the '974 patent, and asserted 25 invalidating pieces of art against the '370 patent, with 21 and 24 also asserted against the '196 and '816 patents respectively.  The cover document for VIZIO's infringement contentions is attached as Ex. A.  At the Court's

When VIZIO served its contentions, Plaintiffs accused VIZIO of infringing eight patents.
Four of those patents were subject to IPR proceedings instituted by the PTO on a finding—based
on invalidity grounds parallel to those asserted by VIZIO—that there was "a reasonable
likelihood" that claims in the patents were invalid.  *See* D.I. 72.  Plaintiffs then dismissed those
four patents from the case.  *See* D.I. 79, 80.  Of the remaining four patents (three of which are
also being evaluated at the PTO), the Court ruled that two more patents were invalid based on
VIZIO's defenses.  *See* D.I. 101 at 11–16 (ruling '196 and '816 patent claims to be indefinite).
This confirms that VIZIO's defenses to those patents were reasonable *per se*.  Even in the
exceedingly unlikely event that the Federal Circuit took a different view of these patents later,
the prior findings of the Court and PTO establishes that VIZIO's defenses were not objectively
baseless or unreasonable.  *See, e.g.*, *Carnegie Mellon*, 2015 WL 4639309, at \*14 (court's view
that rejected defense was a "close call" evidences that the defense "was objectively reasonable").

Plaintiffs also cannot allege that VIZIO's non-infringement defenses are baseless.  As the
Court knows from the parties' November 5th hearing, Plaintiffs have yet to serve proper
infringement contentions to put VIZIO on notice of Plaintiffs' infringement theories.  Despite
having a year for discovery, and, in Plaintiffs' estimation, despite purportedly conducting a
thorough and complete presuit investigation, as well as a thorough Rule 11 investigation prior to
serving initial infringement contentions, Plaintiffs have so far failed to illustrate any
infringement specific to any VIZIO product.  *See* Ex. B [11/5/15 Hearing Tr.] at 3:20–21 ("The
infringement contentions that have been supplied by the plaintiff are patently awful.").  Plaintiffs
cannot now in good faith allege that all of VIZIO's future defenses to Plaintiffs' later allegations

---

*(Cont'd from previous page)*

request, VIZIO can also provide the numerous claim charts and references it has served on
Plaintiffs, but VIZIO has not filed those with this opposition due to their voluminous nature.

are baseless.  Plaintiffs thus cannot plead any facts to support a plausible willfulness claim that

VIZIO's defenses to Plaintiffs' theories (which have not yet been announced) are objectively

reckless.  In light of Plaintiffs' failure to plead (or be able to plead or prove) any facts supporting

the objective prong of their claim, Plaintiffs' motion to assert willfulness should be denied.

        **b)**      **Plaintiffs Cannot and Do Not Plead Facts to Show Subjective Recklessness**

Plaintiffs' proposed amendment only pleads that VIZIO had notice of the asserted patents

(and did not take a license).  As a matter of law, that pleading does not provide sufficient support

for the subjective recklessness prong.  VIZIO's alleged refusal to license the patents for which it

had notice is entirely consistent with the notion that VIZIO firmly believed that the patents were

invalid (a belief that has been validated here as to at least two patents).  Because the refusal to

take a license is "merely consistent with" both subjective recklessness and subjective responsible

behavior, it is precisely the kind of equivocal fact that the Supreme Court identifies as "stop[ing]

short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at

678; *Twombly*, 550 U.S. at 557.  Thus, this allegation does not "state a claim to relief that is

plausible on its face" to support the subjective prong of the willfulness inquiry.  *See, e.g.*, *Iqbal*,

556 U.S. at 678; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right

to relief above the speculative level.").

To suggest, as Plaintiffs do, that merely pleading notice gives rise to "a reasonable

inference that a defendant is liable" for willful infringement, *cf. Iqbal*, 556 U.S. at 678, would

improperly collapse the subjective recklessness inquiry into the predicate showing of notice.

These are distinct legal requirements—notice and alleged ongoing infringement do not and

cannot alone support subjective recklessness and make out a claim of willfulness.  *E.g.*, *Apple,

Inc. v. Samsung Electronics Co.*, 67 F. Supp. 3d 1100, 1115–16 (N.D. Cal. 2014).  Here, after

over a year of discovery, Plaintiffs cannot plead and have not pleaded any facts to suggest that any decision by VIZIO was reckless rather than reasoned. Plaintiffs' willfulness allegations are thus unsupported, improperly pleaded, and futile, and Plaintiffs' motion should be denied.

**c)**      **Plaintiffs Cannot Rely on Inapposite Authority to Forgive Their Failures**

Plaintiffs' deficiencies are not excused here because, in Plaintiffs' estimation, their pleading is "indistinguishable" from those examined in this District in other cases. *Cf.* Mot at 6 (citing cases). Those cases all can be distinguished on multiple grounds. First, the cases cited by Plaintiffs do not involve a motion to amend pleadings after invalidity contentions had been served, or after claim construction tested a defendant's defenses. Nor do Plaintiffs cite any case that involved a pleading brought at the end of fact discovery and after Plaintiffs have had two years of litigation to coalesce the facts. Nor do any cases relied on by Plaintiff hold that, at this stage, a new claim for willfulness can be added without pleading facts to support the objective or subjective elements of the claim as required by Supreme Court pleading standards. And no known case involved Plaintiffs who, after years of litigation, still have not properly accused a single product of infringement.

The facts a plaintiff can be expected to marshal to support a willfulness claim at the inception of a case are substantially different than what is available for a plaintiff to plead after substantial discovery, after a defendant has announced invalidity defenses, and after a Court has passed judgment on claim construction. Plaintiffs' failure here to address the objective and subjective requirements of their willfulness claim with any factual allegations thus dooms their proposed pleading as unsupported and futile, subjecting it to dismissal under Rules 8 and 12.

9

## 2.      Plaintiffs' Infringement Allegations Are Insufficiently Pleaded and Futile

The Supreme Court could not be more clear—legal conclusions such as those recited by

Plaintiffs "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  To the extent

Plaintiffs wish to now depart from their prior pleading with a new pleading, Plaintiffs must meet

the requirements set forth by the Supreme Court, which are not met here—Plaintiffs' proposed

pleading lacks any "pleaded factual content [that] allows the court to draw the reasonable

inference that the defendant is liable for" direct patent infringement.  *See id*.

Tellingly, each of Plaintiff's underlying claims of direct infringement rely on even less

facts than Plaintiffs' deficient willfulness allegations.  To support its core claims of direct

infringement by VIZIO, Plaintiffs' proposed pleading states in only conclusory terms that:

> "Upon information and belief, VIZIO has been and is directly infringing under 35
> U.S.C. § 271(a), either literally or under the doctrine of equivalents … the
> [asserted] patent[s] by making, using, offering to sell, and/or selling … and/or
> importing into the United States, without authority, display products that include
> all of the limitations of one or more claims of the [asserted] patent[s]…"

Mot. at Exs. 1 & 2 at ¶¶ 27, 40, 53, 67; *see also id.* at ¶ 19.  Other than the above legal

conclusions, Plaintiffs' proposed pleading offers no "factual content" to allow the Court "to draw

the reasonable inference that [VIZIO] is liable for the misconduct alleged" as required by the

Supreme Court.  *Cf. Iqbal*, 556 U.S. at 678.  Plaintiffs' proposed pleading nowhere explains ***how***

any particular VIZIO product infringes any of the asserted patents.  The pleading is silent, for

example, as to how the reflective and refractive elements in any of the backlights in any of

VIZIO's TV or computer displays meet the claim limitations in any of the asserted patents,

which require highly specific reflective and refractive backlight designs that are not universally

used in this field.  Simply offering the tautological conclusion that VIZIO's products infringe

because they "include all of the limitations" in a patent claim offers no more than "a formulaic

10

recitation of the elements of a cause of action" that is "devoid of further factual enhancement"—

exactly what the Supreme Court prohibits.  *See id.*; *Twombly*, 550 U.S. at 555, 557.

As stated above, this is not a case where Plaintiffs are attempting to plead infringement at

the inception of a case.  Nor are Plaintiffs entitled to any deference offered to them at that early

stage.[4]  Plaintiffs have now had years for discovery, and, in Plaintiffs' estimation, conducted

thorough and complete Rule 11 presuit and pre-contention investigations.  Yet, despite all this,

"[t]he infringement contentions that have been supplied by the plaintiff are patently awful,"

Ex. B [11/5/15 Hearing Tr.] at 3:20–21, and their proposed pleading is worse.  This further

supports that Plaintiffs' motion should be denied.

**B.      Plaintiffs' Proposed Pleadings Are Neither Timely, nor Brought in Good Faith**

Contrary to Plaintiffs' assertion (*see* Mot. at 4), Plaintiffs' motion is not brought in a

timely manner without undue delay.  Although Plaintiffs served their motion on the last possible

day permitted for amendments under the Court's schedule, they provide no explanation as to

why their bare-bones and conclusory allegations of willfulness could not have been made sooner.

As Plaintiffs state in their motion and corresponding pleading, their sole factual "basis" centers

on the allegation "███████████████████████████████████

████████████████████████████████████████████

███████████   *See, e.g.*, Mot. at 5.  ████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████   s.  Similarly, each of the

documents mentioned in Plaintiffs' pleading was produced long ago.  Given the paucity of

---

[4]     Since Plaintiffs' prior pleading, the Federal Rules of Civil Procedure have been amended to
        abrogate Rule 84 and the Appendix of Forms, including Form 18 that applied to patent cases.

factual allegations added to Plaintiffs' amended pleading, there is no reason this motion could not have been brought many months ago.  Rather, it appears Plaintiffs elected to delay the motion until the last conceivable day, so as to hide the fact that they were pursuing a willful infringement claim, and thus prejudice VIZIO's ability to timely prepare its defense.[5]

Nor can it be said that Plaintiffs' amended pleading is brought in good faith.  As explained above, Plaintiffs have alleged that, among other acts, VIZIO "willfully" infringed patents that this Court has held to be invalid in accord with VIZIO's stated defenses.  Such claims are not legally cognizable.  Similarly, although Plaintiffs have not themselves been able to set forth infringement contentions that properly allege even a single basis on which a single VIZIO product infringes a single patent, Plaintiffs contend that VIZIO has "willful[ly] and intentional[ly]" infringed Plaintiffs' patents and is "aware that it infringes."  Absent time travel, Plaintiffs cannot have assessed VIZIO's non-infringement defenses yet to be disclosed to infringement allegations Plaintiffs have yet to make.  Rather, Plaintiffs appear to be submitting these allegations to the Court speculatively and without any good faith basis.  Plaintiffs' motion was also brought on the last possible day, without any required factual support, without Plaintiffs first properly disclosing infringement theories, and all while ignoring VIZIO's defenses.  Such tactics cannot be squared with Plaintiffs' obligations of good faith.

---

[5]     Nor are Plaintiffs' cited cases supportive here.  No case cited by Plaintiffs holds that an amendment is per se timely if filed on the last possible day.  To the contrary, this contradicts this Court's precedent cited in Plaintiffs' authority:  "'The question of undue delay requires [that the court] focus on the movant's reasons for not amending sooner.'"  *Invensas Corp. v. Renesas Elecs. Corp*, No. 11-448-GMS-CJB, 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013) (quoting *Jang*, 2012 WL 3106753, at *3) (internal quote omitted).  In particular, "[d]elay becomes 'undue' … when the plaintiff has had previous opportunities to amend."  *Jang*, 2012 WL 3106753, at *2.  Here, Plaintiffs could have brought their bare-bones willfulness allegation sooner, and had *two prior opportunities to amend* their claims.

This leaves VIZIO substantially prejudiced as it must defend against allegations pleaded without sufficient basis.  It is undoubted that this pleading, if allowed, will "result in additional discovery, costs, and preparation to defend against new facts or theories," all of which reflects prejudice to VIZIO.  *See Jang*, 2012 WL 3106753, at *2 (internal quote omitted).  Such improper pleading effectively flips the burden to VIZIO, requiring VIZIO to undertake efforts now to essentially disprove baseless allegations that should not be brought in the first place.  Should the Court permit this amendment, the necessary result will be make-work for both VIZIO and the Court.  Additional discovery will be required, and VIZIO will be forced to bring a motion to dismiss and/or for summary judgment.  Even if successful, and even if VIZIO is reimbursed for its fees and costs by the Court, this effort will necessarily distract VIZIO's limited staff and litigation counsel from legitimate tasks of preparing its case for trial.  Given the high standard in this District for prevailing on willfulness claims—and given the paucity of facts pleaded in Plaintiffs' proposed pleading—Plaintiffs cannot hope to prevail on this claim.

For the above reasons, VIZIO respectfully requests that the Court deny Plaintiffs' motion.

Dated:  December 21, 2015

YOUNG CONAWAY STARGATT
     & TAYLOR, LLP

/s/ *Pilar G. Kraman*
_____
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

13

*Of Counsel:*

Jason C. Lo
Raymond A. LaMagna
Jeffrey G. Lau
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Cassandra Gaedt-Sheckter
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211

*Counsel for VIZIO, Inc.*

## CERTIFICATE OF SERVICE

I, Pilar G. Kraman, Esquire, hereby certify that on December 29, 2015, I caused to be

electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF,

which will send notification that such filing is available for viewing and downloading to the

following counsel of record:

> Joseph J. Farnan, Jr.
> Brian E. Farnan
> Michael J. Farnan
> FARNAN LLP
> 919 N. Market Street, 12th Floor
> Wilmington, DE 19801
> farnan@farnanlaw.com
> bfarnan@farnanlaw.com
> mfarnan@farnanlaw.com
> *Attorney for Plaintiff*

I further certify that on December 29, 2015, I caused a copy of the foregoing document to

be served by e-mail on the above-listed counsel and on the following:

> Jeffrey R. Bragalone
> Patrick J. Conroy
> Daniel F. Olejko
> Justin B. Kimble
> T. William Kennedy, Jr.
> James R. Perkins
> Stephanie R. Wood
> BRAGALONE CONROY PC
> Chase Tower
> 2200 Ross Avenue, Suite 4500W
> Dallas Texas 75201-7924
> *jbragalone@bcpc-law.com*
> *pconroy@bcpc-law.com*
> *dolejko@bcpc-law.com*
> *jkimble@bcpc-law.com*
> *bkennedy@bcpc-law.com*
> *jperkins@bcpc-law.com*
> *swood@bcpc-law.com*

01:15079964.1

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

 */s/ Pilar G. Kraman*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
*pkraman@ycst.com*

*Attorney for Defendant VIZIO, Inc.*

01:15079964.1