**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 13-2112-RGA |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| VIZIO, INC., et al. | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT**

DATED: August 26, 2016

Jeffrey R. Bragalone (admitted *pro hac vice*)
Patrick J. Conroy (admitted *pro hac vice*)
Justin B. Kimble (admitted *pro hac vice*)
T. William Kennedy Jr. (admitted *pro hac vice*)
James R. Perkins (admitted *pro hac vice*)
Stephanie R. Wood (admitted *pro hac vice*)
**BRAGALONE CONROY P.C.**
Chase Tower
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jkimble@bcpc-law.com
bkennedy@bcpc-law.com
jperkins@bcpc-law.com
swood@bcpc-law.com

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
**FARNAN LLP** 919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*
**DELAWARE DISPLAY GROUP LLC
AND INNOVATIVE DISPLAY
TECHNOLOGIES LLC**

## TABLE OF CONTENTS

I.     INTRODUCTION ......................................................................................................... 1

II.    UNDISPUTED FACTS THAT SUPPORT SUMMARY JUDGMENT ........................... 1

III.   LEGAL STANDARDS ................................................................................................. 4

IV.   ARGUMENT .............................................................................................................. 7

        A.     VIZIO Disclosed No Evidence in Support of Contentions 1-6 of Invalidity under 35 U.S.C. §112, ¶1 ............................................................................... 7

        B.     VIZIO's Contention 7 of Invalidity under  35 U.S.C. §112, ¶1 Is Based on an Improper Legal Standard and Fails as a Matter of Law .................................... 8

        C.     IDT Owns the Patents-in-suit .................................................................. 11

V.    CONCLUSION ......................................................................................................... 11

i

## TABLE OF AUTHORITIES

**Cases**

*AAT Bioquest, Inc. v. Texas Fluorescence Labs., Inc.*,
No. 14-cv-02909, 2015 WL 1738402 (N.D. Cal. Apr. 13, 2015) .............................................. 8

*AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*,
759 F.3d 1285 (Fed. Cir. 2014) ....................................................................................... 6

*Alcon Research Ltd. v. Barr Labs., Inc.*,
745 F.3d 1180 (Fed. Cir. 2014) ....................................................................................... 6

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*,
314 F.3d 1313 (Fed. Cir. 2003) ....................................................................................... 6

*Amgen, Inc. v. Hoecsht Marion Roussel, Inc.*,
126 F. Supp. 2d 69, 150 (D. Mass 2001) ...................................................................... 10

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ................................................... 5

*Ariad Pharm., Inc.* v. *Eli Lilly & Co.*,
598 F.3d 1336 (Fed. Cir. 2010) ....................................................................................... 6

*Carnegie Mellon Univ. v. Hoffmann–La Roche Inc.*,
541 F.3d 1115 (Fed.Cir.2008) ......................................................................................... 7

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ............................................. 4, 5

*Chiron Corp. v. Genentech, Inc.*,
363 F.3d 1247 (Fed. Cir. 2004) ....................................................................................... 7

*Durel Corp. v. Osram Sylvania Inc.*,
256 F.3d 1298 (Fed. Cir. 2001) .................................................................................. 9, 10

*Edwards Lifesciences AG v. CoreValve, Inc.*,
699 F.3d 1305 (Fed. Cir. 2012) ................................................................................ 5, 6, 9

*Eli Lilly and Co. v. Barr Labs., Inc.*,
251 F.3d 955 (Fed. Cir. 2001) ......................................................................................... 5

*Engel Indus., Inc. v. Lockformer Co.*,
   946 F.2d 1528 (Fed.Cir.1991)..................................................................................... 6, 9

*Enzo Biochem, Inc. v. Gen–Probe Inc.*,
   323 F.3d 956 (Fed.Cir.2002)....................................................................................... 6

*Helicos Biosciences Corp. v. Illumina, Inc.*,
   888 F.Supp.2d 519 (D.Del.2012)................................................................................ 7

*In re Hogan*,
   559 F.2d 595, 606 C.C.P.A. 1977)........................................................................ 10, 11

*In re Koller*,
   613 F.2d 819 (C.C.P.A. 1980) ................................................................................... 10

*Iridex Corp. v. Synergetics, Inc.*,
   478 F. Supp. 2d 1146 (E.D. Mo. Mar. 9, 2007) ........................................................ 8

*Johns Hopkins Univ. v. 454 Life Sciences Corp.*,
   --- F.Supp.3d --- , 2016 WL 1948818 (D. Del. May 2, 2016) .................................... 7

*Johns Hopkins Univ. v. Cellpro, Inc.*,
   152 F.3d 1342 (Fed. Cir. 1998)................................................................................... 6

*Lamont v. New Jersey*,
   637 F.3d 177 (3d Cir. 2011)........................................................................................ 5

*LizardTech, Inc. v. Earth Resource Mapping, Inc.*,
   424 F.3d 1336 (Fed. Cir. 2005).................................................................................. 10

*Lorillard Tobacco Co. v. Am. Legacy Found.*,
   903 A.2d 728 (Del.2006) ............................................................................................ 7

*MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*,
   687 F.3d 1377 (Fed.Cir.2012)..................................................................................... 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).............................................. 5

*Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.*,
   2006 WL 2865469 (D. N.J. Oct. 5, 2006).................................................................... 7

*PowerOasis, Inc. v. T–Mobile USA, Inc.*,
   522 F.3d 1299 (Fed.Cir.2008)..................................................................................... 7

iii

*Reiffin v. Microsoft Corp.*,
   214 F.3d 1342, 54 USPQ2d 1915 (Fed.Cir.2000) ................................................... 11

*Riverbend Cmty. LLC v. Green Stone Eng'g*, LLC,
   55 A.2d 330 (Del. 2012) ......................................................................................... 7

*United States Steel Corp. v. Phillips Petroleum Co.*,
   865 F.2d 1247 (Fed. Cir. 1989)............................................................................. 10

*Williams v. Borough of West Chester, Pa.*,
   891 F.2d 458 (3d Cir.1989).................................................................................... 5

**Statutes**

35 U.S.C. §112................................................................................................................ 5

**Rules**

FED. R. CIV. P. 56........................................................................................................... 4

iv

## I.    <u>INTRODUCTION</u>

Plaintiffs Delaware Display Group LLC and Innovative Display Technologies LLC ("IDT") (collectively, "Plaintiffs") move for partial summary judgment on VIZIO, Inc.'s affirmative defense of invalidity under 35 U.S.C. §112, ¶1. VIZIO's only support for that defense is unreliable expert opinion of Richard A. Flasck, which is based upon unsound legal principles and therefore VIZIO cannot prevail. It is fundamental that both the enablement and written description requirements of 35 U.S.C. §112, ¶1 turn on the claimed inventions, which in this case claim priority to June 27, 1995. However, Mr. Flasck's analysis turns upon whether products in 2010, like those accused of infringement, could have been built in 1995. This approach is expressly contradicted by Federal Circuit law, which acknowledges that patents may cover technological developments that come after the patent issues. More specifically, it is fundamental that the enablement requirement is satisfied if the description enables even one mode of practicing the invention. And the written description requirement does not require that description contain any examples or actual reduction to practice, much less a description of all possible infringing examples. Thus, summary judgment is appropriate.

Further, IDT moves for summary judgment of ownership of the patents-in-suit (U.S. Patent Nos. 7,434,974 and U.S. Patent No. 7,537,370).  The chain of title of those patents is clear, and VIZIO does not dispute that IDT owns them.

## II.    <u>UNDISPUTED FACTS THAT SUPPORT SUMMARY JUDGMENT</u>

1.    VIZIO pleaded the affirmative defense of invalidity under 35 U.S.C. § 112. *See* D.I. 55 at 15.

2.    In response to Plaintiffs' Interrogatory No. 7, which asks for all facts supporting each affirmative defense, VIZIO incorporates Defendants' Invalidity Contentions, but otherwise

1

provides no further facts in support of its affirmative defense of invalidity under 35 U.S.C. § 112. *See* Ex. A,[1] VIZIO's Supplemental Response to Interrogatory No. 7 at 12.

3.     In Defendants' Supplemental Invalidity Contentions, served April 30, 2016, Defendants identify seven contentions upon which they contend the patents-in-suit are invalid under 35 U.S.C. § 112, ¶1. *See* Ex. B, Supplemental Invalidity Contentions at 25-30. Other than the patents-in-suit, Defendants do not cite any evidence (documents, depositions, etc.) in support of those contentions. The seventh contention is that the patents-in-suit allegedly do not "enable[] or describe[] the application of the subject matter of the asserted patents to any large class LED edge-lit television devices." *Id.* at 30.

4.     Defendants have not disclosed any expert testimony as to the first six contentions of alleged invalidity under 35 U.S.C. § 112, ¶1.

5.     On May 18, 2016, VIZIO disclosed the Expert Report of Richard A. Flasck. *See* Ex. C, Expert Report. On July 15, 2016, VIZIO disclosed the Reply Expert Report of Richard A. Flasck. *See* Ex. D, Reply Expert Report. Mr. Flasck was deposed on July 20, 2016.

6.     Mr. Flasck opines that neither patent-in-suit "enables or describes the application of the subject matter of the asserted patents to any large LED edge-lit flat-panel LCD televisions devices . . . Yet, I am informed that Plaintiffs assert that the light-emitting panel assemblies in such LED edge-lit televisions literally infringe the asserted '974 and '370 patent claims." Expert Report at ¶73.

7.     Moreover, Mr. Flasck testified in his deposition that "I was asked [by VIZIO] to determine whether the written description requirement and the, I'm sorry, the written description

---

[1] See Declaration of Justin B. Kimble, which is being filed contemporaneously with this brief.

requirement and the enablement requirement were satisfied for large light intensive edge, LED edge lit backlights for applications like television." Ex. E, Flasck Dep. at 52:4-9.

8.      Mr. Flasck also testified that he was informed that Plaintiffs assert that "LED edge lit televisions literally infringe the asserted '974 and '370 patent claims." *Id.* at 53:9-22; *see also* 60:24-62:1 ("[J]ust let me call them televisions, okay? That's what I was asked to do."); 61:17-19 ("What I'm, what I'm opining about are just normal, what an everyday person would consider to be a normal, functional, traditional television.").

9.      Mr. Flasck also testified that he did not analyze "the scope necessarily of the invention, but the scope of the applications that the invention would go into." *Id.* at 54:1-3.

10.     Mr. Flasck's basis for his opinions is his assertion that "[t]he LEDs of that era [June 27, 1995, the priority date for the patents] did not produce nearly enough light for that application [large LED edge-lit flat-panel LCD television devices]." *Id.* ¶74.

11.     However, Mr. Flasck admits that "these claims may be enabled or smaller LED devices" and "for LCD television devices where the light source limitation is satisfied by a CCFL bulb." *Id.* at ¶81-82; *see also* 86:5-8; 89:14-20.

12.     Mr. Flasck also states that "I do not dispute that a person of skill in the art would have understood Mr. Parker to have been in possession of the application of the patent claim to small displays." Ex. D, Reply Expert Report at ¶69.

13.     The patents-in-suit were originally assigned to Solid State Opto Ltd. Ex. F, '974 patent prosecution history; Ex. G, '370 patent prosecution history; *see also* Exs. P and Q, '974 and '370 patents at (73).

14.     On December 11, 2009, Solid State Opto Ltd. assigned the patents-in-suit to Rambus International Ltd. *See generally* Ex. H at DDG-024266 (assignment of Transferred IP)

and DDG-024380 (showing patents-in-suit as "Seller Intellectual Property – Transferred Patents").

15.    On June 1, 2010, Rambus International Ltd. assigned the patents-in-suit to Rambus Inc. Ex. I at RMBSDEL0117264; *see also Ex.* J at DDG-027270, Amended and Restated Intellectual Property Agreement (dated October 1, 2010).

16.    On October 1, 2012, Rambus Inc. assigned the patents-in-suit to Rambus Delaware LLC. Ex. K at DDG-027236.

17.    On January 30, 2013, Rambus Delaware LLC and Acacia Research Group LLC signed an agreement, which provided that the patents-in-suit would be assigned to Acacia Research Group LLC upon notice of Acceptable Completion of the Investigation Period.  Ex. L at DDG-15395. On March 6, 2013, Acacia Research Group LLC provided written notice to Rambus Delaware LLC of Acceptable Completion of the Investigation Period under Section 1.3 of the January 30, 2013, agreement. Ex. M at DDG-009604. Thus on March 6, 2013, Rambus Delaware LLC assigned the patents-in-suit to Acacia Research Group LLC.

18.    On June 26, 2013, Acacia Research Group LLC assigned the patents-in-suit to IDT. Ex.  N at DDG-009982.

19.    VIZIO agrees that IDT is the owner of the patents-in-suit. Ex. O at 15.

## III.    <u>LEGAL STANDARDS</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Material facts are those "that could affect the

4

outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir.1989).

The defenses addressed in this motion are invalidity for alleged failure to comply with the written description and enablement requirements. 35 U.S.C. §112(a) provides that "[t]he specification shall contain a written description of the invention . . . in such full, clear, concise, and exact terms as to enable any person skill in the art to which it pertains, or with which it is most nearly connected, to make and use the same . . ." "[A] moving party seeking to have a patent held not invalid at summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." *Eli Lilly and Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001)

"Enablement is a question of law based on underlying factual findings." *MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377, 1380 (Fed.Cir.2012). It is black-letter law that "[t]he enablement requirement is met if the description enables any mode of making and using the invention." *Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305, 1309-1310 (Fed. Cir. 2012) (affirming district court's denial of JMOL on enablement defense) (quoting *Engel Indus.*,

*Inc. v. Lockformer Co.,* 946 F.2d 1528, 1533 (Fed.Cir.1991)); *see also Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1335 (Fed. Cir. 2003) (affirming district court's ruling that claims directed to a DNA product were enabled where patent described at least one way to make claimed product, fact that patent did not disclose a later-developed method to make product, which was used by the accused infringer, was irrelevant to the enablement inquiry ); *see also Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1361 (Fed. Cir. 1998). Furthermore, "[c]ontinuing development is often contemplated and necessary, while early filing is often essential." *Edwards Lifesciences*, 699 F.3d at 1309. "[A] patent does not need to guarantee that the invention works for a claim to be enabled. It is well settled that an invention may be patented before it is actually reduced to practice." *Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1189 (Fed. Cir. 2014).

"The standard for satisfying the written description requirement is whether the disclosure 'allow[s] one skilled in the art to visualize or recognize the identity of the subject matter purportedly described.'" *Alcon Research Ltd.*, 745 F.3d at 1190 (quoting *Enzo Biochem, Inc. v. Gen–Probe Inc.,* 323 F.3d 956, 968 (Fed.Cir.2002)). "There is no requirement that the disclosure contain 'either examples or an actual reduction to practice'; rather, the critical inquiry is whether the patentee has provided a description that 'in a definite way identifies the claimed invention' in sufficient detail that a person of ordinary skill would understand that the inventor was in possession of it at the time of filing." *Id.* (quoting *Ariad Pharm., Inc.* v. *Eli Lilly & Co.*, 598 F.3d 1336, 1352 (Fed. Cir. 2010) (*en banc*). Moreover, there is no requirement that the patent describe the allegedly infringing product. *See AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1301 (Fed. Cir. 2014).

6

In *Johns Hopkins Univ. v. 454 Life Sciences Corp.*, the court explained that "[d]espite being a question of fact, the issue of invalidity for lack of written description is amenable to summary judgment." --- F.Supp.3d --- , 2016 WL 1948818, at \*3 (D. Del. May 2, 2016); *See also Carnegie Mellon Univ. v. Hoffmann–La Roche Inc.*, 541 F.3d 1115, 1126-1128 (Fed.Cir.2008) (affirming summary judgment of invalidity for lack of written description). "While compliance with the written description requirement is a question of fact, the issue is 'amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party.'" *Helicos Biosciences Corp. v. Illumina, Inc.*, 888 F.Supp.2d 519, 530–31 (D.Del.2012) (quoting *PowerOasis, Inc. v. T–Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed.Cir.2008).

Under Delaware law, summary judgment can be appropriate where, the Court is asked to interpret unambiguous contractual agreements. *See Riverbend Cmty. LLC v. Green Stone Eng'g*, LLC, 55 A.2d 330, 334 (Del. 2012). "When the language of a contract ... is clear and unequivocal, a party will be bound by its plain meaning ...." *Lorillard Tobacco Co. v. Am. Legacy Found.*, 903 A.2d 728, 739 (Del.2006) (internal quotation marks omitted).

## IV.    **ARGUMENT**

### A.    **VIZIO Disclosed No Evidence in Support of Contentions 1-6 of Invalidity under 35 U.S.C. §112, ¶1**

Because the patents-in-suit are presumed valid, there must be clear and convincing evidence to support a conclusion of invalidity, and VIZO bears the burden of establishing it. *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1253 (Fed. Cir. 2004); *Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.*, 2006 WL 2865469, \*5-6 (D. N.J. Oct. 5, 2006) (granting motion for partial summary judgment against §112 defenses). VIZIO has disclosed no evidence supporting contentions 1-6 of invalidity under §112; thus, summary judgment is appropriate. *See* Ex. A,

VIZIO's Supplemental Response to Interrogatory No. 7 at 12; *see also* Ex. B, Supplemental Invalidity Contentions at 25-30.

**B.    VIZIO's Contention 7 of Invalidity under  35 U.S.C. §112, ¶1 Is Based on an Improper Legal Standard and Fails as a Matter of Law**

VIZIO's seventh contention of invalidity under §112 is that the patents-in-suit allegedly do not "enable[] or describe[] the application of the subject matter of the asserted patents to any large class LED edge-lit television devices." Ex. B, Supplemental Invalidity Contentions at 30. The only evidence VIZIO has disclosed in support of that contention is expert opinion of Richard A. Flasck. Because Mr. Flasck's analysis is fundamentally flawed and based upon an improper legal standard, there is no dispute of material fact upon which VIZIO could ultimately prevail. Thus, summary judgment is appropriate. *See Iridex Corp. v. Synergetics, Inc.*, 478 F. Supp. 2d 1146, 1149 (E.D. Mo. Mar. 9, 2007) ("[Defendant] has presented nothing that would support a § 112 defense, and [Plaintiff] is entitled to summary judgment on these defenses."); *AAT Bioquest, Inc. v. Texas Fluorescence Labs., Inc.*, No. 14-cv-02909, 2015 WL 1738402, *7 (N.D. Cal. Apr. 13, 2015) (granting plaintiff's motion for summary judgment on 112 defenses where the defendant's argument were "hopelessly flawed").

Mr. Flasck does not analyze particular claim elements, or apply particular claim constructions. Instead, Mr. Flasck set out to determine whether a person of skill in the art "could have constructed LED edge-lit backlights for television applications in 1995." Ex. D, Reply Expert Report at ¶32. Further, Mr. Flasck uses a "2010 benchmark" as support for whether the claims were enabled in 1995. *See* Ex. C, Expert Report at ¶63. There is no dispute that Plaintiffs assert that VIZIO's televisions with LED edge-lit backlights infringe the patents-in-suit. However, the Federal Circuit has definitively decided that "[t]he dispositive question of

8

enablement does not turn on whether the accused product is enabled." *Durel Corp. v. Osram Sylvania Inc.*, 256 F.3d 1298, 1306 (Fed. Cir. 2001).

Moreover, "[t]he enablement requirement is met if the description enables any mode of making and using the invention." *Edwards Lifesciences*, 699 F.3d at 1310 (quoting *Engel Indus., Inc.,* 946 F.2d at 1533). Mr. Flasck concedes that he has not even analyzed whether the claims are enabled for smaller display sizes, or for devices with light sources like CCFLs, and admits that the claims may be enabled for such modes. *See* Ex. C, Expert Report at ¶81-82; *see also* Ex. E, Flasck Dep. at 86:5-8; 89:14-20.  Thus, Mr. Flasck erred in at least two respects, by focusing on the accused products for his enablement analysis, and by ignoring other embodiments that are enabled.

In his Reply Expert Report, Mr. Flasck attempted to deny he was using the accused VIZIO products as the touchstone for his enablement and written description analysis, claiming "[t]he words 'accused' or 'accused products' appear nowhere in my report." Ex. D, Reply Expert Report at ¶3. But that is just semantics, as he also confirmed in the Reply Expert Report that "Plaintiffs have accused LED-lit products of infringement." *Id.* at fn. 11 (citing Ex. C, Expert Report at ¶73). And in his deposition he explained that "I was informed that plaintiffs assert that light emitting panel assemblies and such, LED edge lit televisions literally infringe the asserted '974 and '370 patent claims." Ex. E, Flasck Dep. at 53:19-22. Thus, neither Mr. Flasck nor VIZIO can be heard to claim that his analysis did not revolve around the claimed mode practiced by the accused products.

Relatedly, Mr. Flasck's reliance on the brightness capabilities of LEDs in 1995 is also improper. First, Mr. Flasck admits that some claimed devices could have used LEDs. *See* Ex. C, Expert Report at ¶81. Second, a patent does not have to enable all modes of practicing an

9

invention. In *Durel*, the Federal Circuit rejected an alleged infringer's argument that the specification must enable a person of skill in the art to prepare the claimed metal oxide coating by using each of the chemical precursors named in the specification. *See Durel*, 256 F.3d at 1307. The court recognized Federal Circuit law that the enablement requirement was met if a person of ordinary skill could make the coating with just one of those precursors. *Id.* Thus, the court explained that even if use of some precursors would require undue experimentation, that "would therefore not be fatal to the validity of the claim if the patent specification enabled the preparation of the particular metal oxide coating asserted to be non-enabled from another precursor of that metal." *Id.*

In this case, it is not disputed that the patent claims would have at least enabled a person of ordinary skill to build the claimed products with LEDs for smaller displays, or to build larger displays with other light sources such as CCFLs. *See* Ex. C, Expert Report at ¶81-82; *see also* Flasck Dep. at 86:5-8; 89:14-20. Thus, VIZIO's defense of lack of enablement fail as a matter of law, and summary judgment is appropriate.

The basis for Mr. Flasck's opinions regarding the written description requirement is the same as for the enablement requirement. *See*, *e.g.*, Ex. C, Expert Report at ¶88 (incorporating enablement analysis). Thus, VIZIO's written description defense suffers the same fate as its enablement defense. *LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005). ("Those two requirements usually rise and fall together.").

As with the enablement requirement, "the written description requirement does not demand that the specification describe technological developments in the way in which the claimed composition is made *that may arise after the patent application is filed.*" *Amgen, Inc. v. Hoecsht Marion Roussel, Inc.*, 126 F. Supp. 2d 69, 150 (D. Mass 2001) (emphasis added);

10

*United States Steel Corp. v. Phillips Petroleum Co.,* 865 F.2d 1247, 1251 (Fed. Cir. 1989); *In re Koller,* 613 F.2d 819, 824–25 (C.C.P.A. 1980); *In re Hogan,* 559 F.2d 595, 606 C.C.P.A. 1977). "Instead, section 112 only requires the court to determine whether the specification conveys to one of ordinary skill in the art as of [the priority date that the inventor] invented the subject matter claimed in the patents-in-suit." *Id.* (citing *Reiffin v. Microsoft Corp.,* 214 F.3d 1342, 1346, 54 USPQ2d 1915, 1917 (Fed.Cir.2000). "The written description inquiry, therefore, focuses on a comparison between the specification and the invention referenced by the terms of the claim— *not comparison between how the product was made as disclosed in the patent and future developments of this process that might alter or even improve how the same product is made.*" *Id.* (emphasis added).

Mr. Flasck's reports do not address any of those required inquiries. Instead, as explained above, Mr. Flasck merely addresses whether LEDs in 1995 could have been used to, in his opinion, sufficiently illuminate, using standards from 2010, televisions. *See* Ex. D, Reply Expert Report at ¶32. But neither Mr. Flasck nor VIZIO contend, nor can they, that any particular claim limitation is not found within the written description. Thus, again, VIZIO's defense of insufficient written description fails as a matter of law and summary judgment is appropriate.

### C.     IDT Owns the Patents-in-suit

The facts above at II.13-18 show a chain of title from the original assignee of the patents-in-suit to IDT. Moreover, VIZIO does not dispute that IDT owns the patents. *See* II.19. that is not Thus, the exists no issue of material fact on IDT's ownership of the patents-in-suit.

### V.     CONCLUSION

Summary judgment against VIZIO's affirmative defense of invalidity under 35 U.S.C. § 112, ¶1 is appropriate because VIZIO does not have any evidence that can create a genuine issue

of material fact as to that defense. The only evidence VIZIO has disclosed, expert opinion, is based upon a fatally flawed legal standard. Contemporaneous with this motion for summary judgment, Plaintiffs have filed a motion to exclude that expert opinion, which is unreliable and irrelevant to the defense. Moreover, Plaintiffs have shown the chain of title of IDT's ownership of the patents and that there is no dispute that IDT owns the patents. Thus, summary judgment should be granted.

DATED: August 26, 2016

Respectfully submitted,

**FARNAN LLP**

*/s/ Brian E. Farnan*
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Jeffrey R. Bragalone (admitted *pro hac vice*)
Patrick J. Conroy (admitted *pro hac vice*)
Justin B. Kimble (admitted *pro hac vice*)
Daniel F. Olejko (admitted *pro hac vice*)
T. William Kennedy, Jr. (admitted *pro hac vice*)
Stephanie Wood (admitted *pro hac vice*)
James R. Perkins (admitted *pro hac vice*)
**BRAGALONE CONROY P.C.**
Chase Tower,
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jkimble@bcpc-law.com
dolejko@bcpc-law.com
bkennedy@bcpc-law.com
swood@bcpc-law.com
jperkins@bcpc-law.com

Attorneys for Plaintiffs
**DELAWARE DISPLAY GROUP LLC and
INNOVATIVE DISPLAY
TECHNOLOGIES LLC**

13