**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 13-2108-RGA |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| LENOVO HOLDING CO. INC., and LENOVO (UNITED STATES) INC., | ) ) ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 13-2109-RGA |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC., | ) ) ) ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| DELAWARE DISPLAY GROUP LLC AND INNOVATIVE DISPLAY TECHNOLOGIES LLC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 13-2112-RGA |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| VIZIO, INC., et al. | ) ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT THAT PLAINTIFFS LACK STANDING TO SUE FOR
ACTS OF INFRINGEMENT OCCURRING PRIOR TO OCTOBER 1, 2012**

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Counsel for Defendants Lenovo Holding Co.
Inc. and Lenovo (United States) Inc.*


YOUNG CONAWAY STARGATT & TAYLOR, LLP
Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
1000 North King Street
Rodney Square
Wilmington, DE  19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Counsel for Defendant VIZIO, Inc.*


Dated:  August 26, 2016

ROSS ARONSTAM & MORITZ LLP
David E. Ross (#5228)
Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
dross@ramllp.com
bschladweiler@ramllp.com

*Counsel for Defendants LG Electronics, Inc.,
LG Electronics U.S.A., Inc., LG Display Co.,
Ltd., and LG Display America, Inc.*

2

## TABLE OF CONTENTS

I.      SUMMARY OF THE ARGUMENT ................................................................................. 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 2

III.    LEGAL STANDARD..................................................................................................... 2

IV.     STATEMENT OF FACTS ............................................................................................. 4

V.      ARGUMENT.................................................................................................................. 5

VI.     CONCLUSION............................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
    625 F.3d 1359 (Fed. Cir. 2010)...........................................................................................7

*Arachnid, Inc. v. Merit Indus., Inc.*,
    939 F.2d 1574 (Fed. Cir. 1991)............................................................................1, 3, 5, 6

*F.B.T. Prods., LLC v. Aftermath Records*,
    621 F.3d 958 (9th Cir. 2010) ...............................................................................................6

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*,
    93 F.3d 774 (Fed. Cir. 1996)...............................................................................................2

*Heidelberg Harris, Inc. v. Loebach*,
    145 F.3d 1454 (Fed. Cir. 1998)........................................................................................3, 5

*Mas-Hamilton Group v. LaGard, Inc.*,
    156 F.3d 1206 (Fed. Cir. 1998)........................................................................................3, 5

*Messagephone, Inc. v. SVI Systems, Inc.*,
    243 F.3d 556 (Fed. Cir. 2000).......................................................................................1, 3, 5, 7

*Minco, Inc. v. Combustion Eng'g, Inc.*,
    95 F.3d 1109 (Fed. Cir. 1996)........................................................................................3, 6

*Minneapolis & St. Louis R.R. Co. v. Peoria & Pekin Union Ry. Co.*,
    270 U.S. 580 (1926)..............................................................................................................2

*Moore v. Marsh*,
    74 U.S. 515 (1868)...........................................................................................................3, 5

*Pandrol USA, LP v. Airboss Ry. Products, Inc.*,
    320 F.3d 1354 (Fed. Cir. 2003)............................................................................................2

*UD Technology Corp. v. Phenomenex, Inc.*,
    No. 05-842, 2007 WL 28295 (D. Del. Jan. 4, 2007) ...........................................................3

**Statutes**

Cal. Civ. Code § 1638.................................................................................................................6

Cal. Civ. Code § 1639.................................................................................................................6

**Rules**

Fed. R. Civ. P. 12(h)(3)...............................................................................................................2

Fed. R. Civ. P. 56(a) ...................................................................................................................2

Defendants LG Display Co., Ltd., LG Display America, Inc., LG Electronics, Inc., LG Electronics USA, VIZIO, Inc., Lenovo Holding Company Inc., and Lenovo (United States) Inc. (collectively "Defendants"), by and through undersigned counsel, hereby move for summary judgment that Plaintiffs Delaware Display Group LLC ("DDG") and Innovative Display Technologies LLC ("IDT") lack standing to sue for alleged acts of infringement occurring prior to an October 1, 2012, transfer of the patents-in-suit.[1] The assignment that governs the October 2012 transfer did not include the right to sue for past infringement. To be operative for that purpose, the right to sue for past infringement had to be expressly stated in the assignment and it was not.    Thus, Plaintiffs have no standing to sue for infringement, or to collect damages resulting from infringement, that occurred prior to that date.

**SUMMARY OF THE ARGUMENT**

Only a party that possesses legal title to a patent at the time of infringement can recover damages for such infringement, unless the right to sue for past infringement is expressly transferred to an assignee. *Messagephone, Inc. v. SVI Systems, Inc.*, 243 F.3d 556, at *4 (Fed. Cir. 2000), as amended on denial of reh'g, (Dec. 13, 2000) (*nonprecedential*); *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 n.7 (Fed. Cir. 1991). If the right is not expressly transferred, the assignee has no standing to sue for past infringement. *Arachnid*, 939 F.2d at 1579. That is the case here. The patents-in-suit were subject to several assignments prior to being assigned to Plaintiff IDT. One assignment in the chain, dated October 1, 2012, did not transfer the right to sue for past infringement, as no express right to sue for such past infringement was set forth in the language of the assignment. Since Plaintiff IDT, as ultimate assignee, could only acquire rights which were possessed by the assignor, and that assignor did not have rights to sue

---

[1] Although DDG and IDT are both named Plaintiffs in this lawsuit, both remaining patents are purportedly assigned to IDT. Accordingly, the remainder of this motion focuses on IDT.

for infringement occurring prior to October 1, 2012, Plaintiffs have no standing to seek redress for infringement occurring prior to that date.

**NATURE AND STAGE OF THE PROCEEDINGS**

DDG and IDT filed complaints on December 31, 2013 against Defendants alleging infringement of eight patents. *See. e.g.,* D.I. 1.[2] As a result of this Court's claim construction ruling[3] and voluntary dismissals in view of *Inter Partes* Review proceedings,[4] the case has been reduced to only two patents: U.S. Patent Nos. 7,537,370 (the "'370 Patent") and 7,434,974 (the "'974 Patent) (collectively, the "Asserted Patents"). Expert discovery concluded on August 12, 2016.  D.I. 288. Briefing on summary judgment and *Daubert* motions is scheduled to conclude on September 30, 2016. *Id*. The Pretrial Conference in this case is set for November 29, 2016 and Trial begins on December 5, 2016 for LG with trials for VIZIO and Lenovo to follow in 2017. *Id*.

**LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Standing is a jurisdictional issue and can be raised at any time. Fed. R. Civ. P. 12(h)(3); *Pandrol USA, LP v. Airboss Ry. Products, Inc*., 320 F.3d 1354, 1367 (Fed. Cir. 2003). Moreover, standing issues are determined as of the date a plaintiff files suit. *Minneapolis & St. Louis R.R. Co. v. Peoria & Pekin Union Ry. Co.*, 270 U.S. 580, 586 (1926); *see also Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996), amended on reh'g in part, 104 F.3d 1296 (Fed. Cir. 1996).

---

[2] Docket references are to Civil Action No. 13-2109-RGA.
[3] D.I. 162.
[4] D.I. 125.

2

As a general rule, only a party that possessed legal title to a patent at the time the infringement occurred can bring suit to recover damages for such infringement. *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1210 (Fed. Cir. 1998); *Arachnid*, 939 F.2d at 1579; *see also Heidelberg Harris, Inc. v. Loebach*, 145 F.3d 1454, 1458 (Fed. Cir. 1998) (holding that plaintiff lacked standing to sue for patent infringement that occurred prior to date upon which it obtained legal title to the patent at issue). While a patentee may transfer title to a patent by assignment, "'it is a great mistake to suppose that the assignment of a patent carries with it the right to damages for an infringement committed before such assignment.'" *Messagephone*, 243 F.3d at *4 (quoting *Moore v. Marsh*, 74 U.S. 515, 522 (1868)).

"[T]he right to sue for prior infringement is not transferred unless the assignment agreement manifests an intent to transfer this right." *Minco, Inc. v. Combustion Eng'g, Inc.,* 95 F.3d 1109, 1117 (Fed. Cir. 1996); *Arachnid*, 939 F.2d at 1579 n.7 (noting that the sole exception is "where the assignment of a patent is coupled with an assignment of a right of action for past infringements"); *UD Technology Corp. v. Phenomenex, Inc.*, No. 05-842, 2007 WL 28295, at *5 (D. Del. Jan. 4, 2007) ("In the absence of an express provision to sue for past damages, as is the case here, the court cannot confer standing on UDTC to pursue damages for alleged patent infringement that occurred before it was assigned the # 625 patent."). The presumptive understanding is that "[t]he bare reference to all right, title, and interest does not normally transfer the right to sue for past infringement." *Minco*, 95 F.3d at 1117 (citing *Moore*, 74 U.S. at 520). Although there is no set required phrasing, "[t]he authorities are uniform that the latter assignment must be express, and cannot be inferred from the assignment of the patent itself." *Arachnid*, 939 F.2d at 1578 n.7.

3

**STATEMENT OF FACTS**

Both of the Asserted Patents were assigned to Solid State Opto Limited at the time of their issuance. Ex. A, USPTO patent assignment record for '974 patent; Ex. B, USPTO patent assignment record for '370 patent. Subsequently, the Asserted Patents were both assigned to Rambus International Ltd. on December 11, 2009, to Rambus Inc. on October 1, 2010, and to Rambus Delaware LLC ("Rambus Delaware") on October 1, 2012. *Id.*; Ex. C, Rambus Inc.-Rambus Delaware Assignment. On January 1, 2013, Rambus Delaware LLC assigned both Asserted Patents to Acacia Research Group LLC ("Acacia"), who thereafter assigned both patents to IDT. Ex. A; Ex. B. The following table summarizes the assignments of the Asserted Patents:

| Execution Date | Owner (Assignee) |
| --- | --- |
| March 2, 2006 ('974 patent) / October 2, 2006 ('370 patent) | Solid State Opto Limited |
| December 11, 2009 | Rambus International Ltd. |
| October 1, 2010 | Rambus Inc. |
| October 1, 2012 | Rambus Delaware LLC |
| March 7, 2013 | Acacia Research Group LLC |
| June 26, 2013 | Innovative Display Technologies LLC |

For the purposes of this motion, the operative assignment is the October 1, 2012, assignment from Rambus Inc. to Rambus Delaware LLC (hereinafter, "2012 Assignment"). The assignment clauses in the 2012 Assignment read as follows:



4



Ex. C, 2012 Assignment at §§ 2.1, 2.2. The agreement further states it is to be interpreted according to the laws of the State of California. *Id*. at § 4.5.

**ARGUMENT**

It is well settled that only a party that possessed legal title to a patent at the time infringement occurred can bring suit to recover damages for such infringement. *Mas-Hamilton Group*, 156 F.3d at 1210; *Arachnid*, 939 F.2d at 1579; *see also Heidelberg  Harris*, 145 F.3d at 1458. "A narrow exception to the foregoing rule is that a party may sue for infringement transpiring before it acquired legal title if a written assignment expressly grants the party a right to do so; that right, however, must be articulated explicitly in the assignment and will not be inferred by the court." *Messagephone*, 243 F.3d at *4 (citing *Arachnid*, 939 F.2d at 1579 & n.7; *Moore*, 74 U.S. 515, 522 (1868)).

The two Asserted Patents have been assigned several times:



Of relevance to this motion, the Asserted Patents were assigned from Rambus Inc. to Rambus Delaware on October 1, 2012, by virtue of the 2012 Assignment. Ex. C. Rambus Delaware thereafter assigned the patents to Acacia, who then assigned them to IDT. The 2012 Assignment

5

granted Rambus Delaware ████████████████████████████████████████

████████████████" Ex. C, 2012 Assignment at § 2.1. The 2012 Assignment, however, did not expressly grant Rambus Delaware the right to sue for infringement that occurred prior to the October 1, 2012 effective date of the assignment.

"Determining whether the right to sue for prior infringement has been transferred turns on the proper construction of the assignment agreements, which is a matter of state contract law." *Minco*, 95 F.3d at 1117. The 2012 Assignment states that California law governs the interpretation of the agreement. Ex. C, 2012 Assignment at § 4.5. Under California law, if a contract's language is "clear and explicit" and "does not involve an absurdity," it governs interpretation. *F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958, 963 (9th Cir. 2010) (quoting Cal. Civ. Code § 1638); *see also* Cal. Civ. Code § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible; subject, however, to the other provisions of this Title."). "Parol evidence is properly admitted to construe a contract only when its language is ambiguous." *F.B.T. Prods.*, 621 F.3d at 963.

The language of the 2012 Assignment is "clear and explicit." It is indisputable that the 2012 Assignment did not expressly grant Rambus Delaware the right to sue for past infringement or collect past damages. ████████████████████████████████████

████████████████████████████████. *Minco*, 95 F.3d at 1117; *see also Arachnid*, 939 F.2d at 1579, n.7 (noting that the transfer of this right "must be express, and cannot be inferred from an assignment of the patent itself."). Thus, the only interpretation of the 2012 Assignment ascertained from the writing itself is that it did not assign the right to sue for past infringement to Rambus Delaware. Nothing in the language of the 2012 Assignment suggests otherwise.

6

Because the 2012 Assignment is not ambiguous on its face, parol evidence is not admissible to construe the assignment.

Because Rambus Delaware was not assigned the right to sue for past infringement prior to the October 1, 2012 effective date of the 2012 Assignment, it could not assign the right for such past infringement to Acacia (who subsequently assigned the patents to Plaintiff IDT). *See, e.g., Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 (Fed. Cir. 2010) ("The March 15, 2007 assignments to AZ-UK did not assign the right to sue for past infringement, thus AZ-UK could not have assigned those rights to Abraxis on November 12, 2007…."). Thus, the only such right that Rambus Delaware could have possibly assigned was the right to sue for infringement beginning on October 1, 2012.

In view of the foregoing, there is no genuine issue of material fact that Plaintiffs lack standing to sue, and to seek redress, for infringement of the Asserted Patents that allegedly occurred before October 1, 2012. *See, e.g., Messagephone*, 243 F.3d at *5 (finding that plaintiff lacked standing to sue for past infringement where governing assignment agreement contained no explicit language conveying right to sue for past infringement).

**CONCLUSION**

For the reasons set forth in this Brief, Defendants respectfully request that the Court grant summary judgment that Plaintiffs lack standing to sue for acts of infringement that allegedly occurred prior to October 1, 2012 and, accordingly, may not collect damages resulting from infringement that occurred prior to that date.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

Jamie B. Beaber
Kfir B. Levy
Baldine B. Paul
Anita Y. Lam
Alison T. Gelsleichter
Tiffany A. Miller
Michael L. Lindinger
Saqib J. Siddiqui
Michael J. Word
MAYER BROWN LLP
1999 K Street NW
Washington, D.C.  60606
(202) 263-3000
jbeaber@mayerbrown.com
klevy@mayerbrown.com
bpaul@mayerbrown.com
alam@mayerbrown.com
agelsleichter@mayerbrown.com
tmiller@mayerbrown.com
mlindinger@mayerbrown.com
ssiddiqui@mayerbrown.com
mword@mayerbrown.com

Robert G. Pluta
Amanda K. Streff
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL  60606
(312) 782-0600
rpluta@mayerbrown.com
astreff@mayerbrown.com

 */s/ Benjamin J. Schladweiler*
David E. Ross (#5228)
Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
dross@ramllp.com
bschladweiler@ramllp.com

*Counsel for Defendants LG Electronics, Inc.,
LG Electronics U.S.A., Inc., LG Display Co.,
Ltd., and LG Display America, Inc.*

8

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Of Counsel*:

Jason C. Lo
Raymond A. LaMagna
Jeffrey G. Lau
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197

Cassandra Gaedt-Sheckter
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211

 */s/ Pilar G. Kraman*
Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
1000 North King Street
Rodney Square
Wilmington, DE  19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Counsel for Defendant VIZIO, Inc.*

POTTER ANDERSON & CORROON LLP

*Of Counsel*:

Fred I. Williams
Jonathan Hardt
Mario A. Apreotesi
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin,  TX 78746-7568
(512) 542-8400

Todd E. Landis
Eric J. Klein
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201-2975
(214) 220-7700

 */s/ Stephanie E. O'Byrne*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Counsel for Defendants Lenovo Holding Co.*
*Inc. and Lenovo (United States) Inc.*

Dated:  August 26, 2016

9

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on August 26, 2016, I caused the foregoing *Opening Brief in Support of Defendants' Motion for Summary Judgment That Plaintiffs Lack Standing to Sue for Acts of Infringement Occurring Prior to October 1, 2012* to be served via electronic mail upon the following counsel of record:

Joseph J. Farnan, Jr.
Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE  19801
farnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Counsel for Plaintiffs Delaware Display Group LLC and Innovative Display Technologies LLC*

Jeffrey R. Bragalone
Patrick J. Conroy
Justin B. Kimble
Daniel F. Olejko
T. William Kennedy, Jr.
Stephanie R. Wood
BRAGALONE CONROY P.C.
Chase Tower
2200 Ross Avenue, Suite 4500W
Dallas, TX  75201
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jkimble@bcpc-law.com
dolejko@bcpc-law.com
bkennedy@bcpc-law.com
swood@bcpc-law.com

*Counsel for Plaintiffs Delaware Display Group LLC and Innovative Display Technologies LLC*

 */s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)