# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| LG ELECTRONICS, INC., | § | **C.A. No. 13-cv-2109-RGA** |
| LG ELECTRONICS U.S.A., INC., | § | |
| LG DISPLAY CO., LTD., and | § | **JURY TRIAL DEMANDED** |
| LG DISPLAY AMERICA, INC., | § § | |
| Defendants. | § | |
| v. | | |
| LENOVO HOLDING CO., INC., and | § | **C.A. No. 13-cv-2108-RGA** |
| LENOVO (UNITED STATES) INC., | § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |
| v. | | |
| VIZIO, INC., | § § | **C.A. No. 13-cv-2112-RGA** |
| Defendant. | § § | **JURY TRIAL DEMANDED** |
| | § | |

---

## PLAINTIFFS' RESPONSIVE BRIEF OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY

Dated: September 16, 2016

Jeffrey R. Bragalone (admitted *pro hac vice*)
Patrick J. Conroy (admitted *pro hac vice*)
Justin B. Kimble (admitted *pro hac vice*)
Daniel F. Olejko (admitted *pro hac vice*)
T. William Kennedy, Jr. (admitted *pro hac vice*)
Stephanie Wood (admitted *pro hac vice*)
James R. Perkins (admitted *pro hac vice*)
**BRAGALONE CONROY P.C.**
Chase Tower,
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jkimble@bcpc-law.com
dolejko@bcpc-law.com
bkennedy@bcpc-law.com
swood@bcpc-law.com
jperkins@bcpc-law.com

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
**FARNAN LLP**
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Attorneys for Plaintiffs
**DELAWARE DISPLAY GROUP LLC
and INNOVATIVE DISPLAY
TECHNOLOGIES LLC**

**TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................................... 1

II.     UNDISPUTED FACTS THAT WEIGH AGAINST SUMMARY JUDGMENT .......... 1

    A.   Plaintiffs' expert's written report ................................................................................... 1

III.    ARGUMENT AND AUTHORITY ................................................................................... 2

    1.   The Legal Standard for Summary Judgment. .................................................................. 2

    2.   Legal Standard for Invalidity ......................................................................................... 3

    3.   Niizuma does not anticipate the asserted claims of the '974 patent ............................... 5

        a.   "a tray or housing having a cavity or recess in which the panel member is entirely received" (from claims 1 and 7, *i.e.*, both asserted independent claims) ................. 5

        b.   "a pattern of light extracting deformities" (claims 1 and 7, *i.e.*, both asserted independent claims) ............................................................................................... 7

        c.   Tray/Housing with End Walls and Side Walls (claims 1 and 7, *i.e.*, both asserted independent claims) ............................................................................................... 8

        d.   wherein the tray or housing provides a support for supporting and/or positioning a film near the panel member (dependent claim 5) ................................................... 9

    4.   Kobayashi does not anticipate the asserted claims of the '370 patent ........................... 10

        a.   "both the front and back sides having a pattern of light extracting deformities that are projections or depressions …" (claims 1, 4 (/1), 13, 29, and 47) ..................... 11

    5.   Kobayashi in view of Pristash does not render obvious the asserted claims of the '370 patent ............................................................................................................................. 15

IV.     CONCLUSION ................................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Advanced Display Sys., Inc. v. Kent State Univ.*,
   212 F.3d 1272 (Fed. Cir. 2000)............................................................................................. 7

*Advanced Tech. Materials, Inc. v. Praxair, Inc.*,
   228 F. App'x 983 (Fed. Cir. 2007) ..................................................................................... 3, 4

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).......................................................... 2

*ART+COM Innovationpool GmbH v. Google Inc.*,
   155 F. Supp. 3d 489 (D. Del. 2016)........................................................................................ 2

*ATD Corp. v. Lydall, Inc.*,
   159 F.3d 534 (Fed. Cir. 1998)................................................................................................. 4

*Blue Calypso, LLC v. Groupon, Inc.*,
   815 F.3d 1331 (Fed. Cir. 2016)............................................................................................... 7

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)........................................................... 2

*Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*,
   725 F.3d 1341 (Fed. Cir. 2013)............................................................................................... 4

*Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*,
   635 F.3d 1373 (Fed. Cir. 2011)............................................................................................. 11

*Genzyme Therapeutic Prod. Ltd. P'ship v. Biomarin Pharm. Inc.*,
   825 F.3d 1360 (Fed. Cir. 2016)............................................................................................. 12

*Geo M. Martin Co. v. Alliance Mach. Sys. Int'l*,
   618 F.3d 1294 (Fed. Cir. 2010)............................................................................................... 4

*Goldman v. Standard Ins. Co.*,
   341 F.3d 1023 (9th Cir. 2003) ................................................................................................ 7

*Graham v. John Deere Co.*,
   383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).................................................................. 4

*Hodosh v. Block Drug Co.*,
   786 F.2d 1136 (Fed. Cir. 1986)............................................................................................... 3

*HSM Portfolio LLC v. Elpida Memory Inc.*,
    160 F. Supp. 3d 708 (D. Del. 2016)........................................................................ 13, 14

*KSR Int'l Co. v. Teleflex, Inc.*,
    550 U.S. 398, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007)........................................... 4

*Lamont v. New Jersey*,
    637 F.3d 177 (3d Cir. 2011).................................................................................... 2

*M2M Sols. LLC v. Motorola Sols., Inc.*,
    No. CV 12-33-RGA, 2016 WL 70814 (D. Del. Jan. 6, 2016) ......................... passim

*Microsoft Corp. v. I4I Ltd. P'ship*,
    564 U.S. 91, 131 S. Ct. 2238 (2011) ...................................................................... 3

*Mumm v. Jacob E. Decker & Sons*,
    301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983 (1937)................................................... 3

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
    545 F.3d 1359 (Fed. Cir. 2008)............................................................................... 4

*Radio Corp. of America v. Radio Engineering Laboratories, Inc.*,
    293 U.S. 1 and 8, 55 S.Ct. 928 (1934)................................................................... 3

*Rockwell International Corp. v. United States*,
    147 F.3d 1358 (Fed. Cir. 1998)............................................................................ 4, 7

*Scott v. Harris*,
    550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).......................................... 3

*Scripps Clinic & Research Found. v. Genentech, Inc.*,
    927 F.2d 1565 (Fed. Cir. 1991)............................................................................. 11

*Transcenic, Inc. v. Google, Inc.*,
    No. CV 11-582-LPS, 2014 WL 7275835 (D. Del. Dec. 22, 2014)............................. 7

*Transonic Sys., Inc. v. Non–Invasive Med. Techs. Corp.*,
    143 Fed. Appx. 320 (Fed. Cir. July 25, 2005) ....................................................... 7

*Wishkin v. Potter*,
    476 F.3d 180 (3d Cir. 2007).................................................................................... 3

*Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*,
    522 F.3d 1348 (Fed. Cir. 2008).............................................................................. 12

**Rules**

Federal Rule of Civil Procedure 56 ............................................................................................... 2

## I.    INTRODUCTION

Plaintiffs Delaware Display Group LLC and Innovative Display Technologies LLC ("IDT") file this response to the motion for summary judgment of invalidity (the "Motion") and its accompanying brief (the "Brief") submitted by LG Display Co., Ltd., LG Display America, Inc., LG Electronics, Inc., LG Electronics USA, VIZIO, Inc., Lenovo Holding Co., Inc. and Lenovo (United States) Inc. (collectively "Defendants"). The Court should deny the Motion because there is at least a genuine issue of material fact as to the grounds of alleged invalidity that Defendants raise in their motion.

## II.    UNDISPUTED FACTS THAT WEIGH AGAINST SUMMARY JUDGMENT

### A.  Plaintiffs' expert's written report

1.      In his report, Plaintiffs' invalidity expert, Dr. Kahn, explains that the Niizuma reference is missing several limitations from the claims of the '974 patent: (1) "a tray or housing having a cavity or recess in which the panel member is entirely received" (Kennedy Dec., Ex. A at 49-53); (2) "wherein the panel member has a pattern of light extracting deformities on or in at least one surface to cause light to be emitted from the light emitting surface of the panel member" (Kennedy Dec., Ex. A at 53); (3) "the tray or housing includes end walls and side walls that act as end edge reflectors and side edge reflectors for the panel member to reflect light that would otherwise exit the panel member through an end edge and/or side edge back into the panel member and toward the pattern of light extracting deformities for causing additional light to be emitted from the light emitting surface of the panel member" (Kennedy Dec., Ex. A at 53-54); and (4) "wherein the tray or housing provides a support for supporting and/or positioning a film near the panel member." (Kennedy Dec., Ex. A at 54-55). Dr. Khan also opines that Niizuma does not render obvious the asserted claims of the '974 patent. Kennedy Dec., Ex. A at 55-56.

---

**RESPONSIVE BRIEF OPPOSING SUMMARY JUDGMENT OF INVALIDITY**          **PAGE 1**

2.      In his report, Plaintiffs' invalidity expert, opines that the Kobayashi reference is missing this limitation from the claims of the '370 patent: "both the front and back sides having a pattern of light extracting deformities that are projections or depressions on or in the sides to cause light to be emitted from the panel member in a predetermined output distribution" (Kennedy Dec., Ex. A at 99-100). In his report, Dr. Kahn opines that the combination of Kobayashi in view of Pristash is also missing that limitation. *Id.* at 103-104.

### III.    <u>ARGUMENT AND AUTHORITY</u>

#### 1.   *The Legal Standard for Summary Judgment.*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ...,  admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence ... of a genuine dispute ...." *ART+COM Innovationpool GmbH v. Google Inc.*, 155 F. Supp. 3d 489, 497 (D. Del. 2016) (citing Fed. R.

Civ. P. 56(c)(1)). "When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Id.* (citing *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007)). "Under certain circumstances, an expert's opinion may illuminate disputes of fact, thus requiring a trial." *Advanced Tech. Materials, Inc. v. Praxair, Inc.*, 228 F. App'x 983, 985 (Fed. Cir. 2007) (citing *Hodosh v. Block Drug Co.*, 786 F.2d 1136, 1142-43 (Fed. Cir. 1986)).

### 2. *Legal Standard for Invalidity*

Section 282 of the Patent Act states that a "patent shall be presumed valid" and the "burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. That burden must be met by clear and convincing evidence. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95, 131 S. Ct. 2238, 2242 (2011). The Court in *Microsoft* confirmed that heightened standard, having described it as such for many years. *Id.* (citing, *e.g.*, *Radio Corp. of America v. Radio Engineering Laboratories, Inc.*, 293 U.S. 1 and 8, 55 S.Ct. 928 (1934) ("[Section] 282 creates a presumption that a patent is valid and imposes the burden of proving invalidity on the attacker. That burden is constant and never changes and is to convince the court of invalidity by clear evidence." **** "[O]ne otherwise an infringer who assails the validity of a patent fair upon its face bears a heavy burden of persuasion, and fails unless his evidence has more than a dubious preponderance."); *Mumm v. Jacob E. Decker & Sons*, 301 U.S. 168, 171, 57 S.Ct. 675, 81 L.Ed. 983 (1937) ("Not only is the burden to make good this defense upon the party setting it up, but his burden is a heavy one, as it has been held that every reasonable doubt should be resolved against him")).

On anticipation, 35 U.S.C. 102(a) provides that an issued patent is invalid if "the invention [therein] was ... described in a printed publication ... before the invention thereof by the applicant." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008). "Anticipation requires clear and convincing proof that a single prior art reference not only disclose[s] all of the elements of the claim within the four corners of the document, but ... also disclose[s] those elements arranged as in the claim." *Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1351 (Fed. Cir. 2013) (internal citations omitted).

On obviousness, 35 U.S.C. § 103(a) provides that "a patent is invalid if the differences between the [claimed] subject matter ... and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." *Cheese Sys., Inc.*, 725 F.3d at 1352 (internal citations omitted). "While obviousness is a determination of law, it is based on the underlying determinations of fact mentioned above." *Id.* (citing *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l*, 618 F.3d 1294, 1300 (Fed. Cir. 2010); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 406, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007); *Graham v. John Deere Co.*, 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966)). "Whether a claim is invalid for obviousness is determined from the perspective of one of ordinary skill in the art." *Id.* (citing *KSR Int'l Co.*, 550 U.S. at 420, 127 S.Ct. 1727). "Among the difficult challenges of applying the doctrine of obviousness is avoidance of even a hint of hindsight." *Id.* "Obviousness 'cannot be based on the hindsight combination of components selectively culled from the prior art to fit the parameters of the patented invention.'" *Id.* (citing *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 546 (Fed. Cir. 1998)).

For motions of summary judgment on invalidity, "the trial court may not draw inferences to find a required disclosure in the prior art." *Advanced Tech. Materials, Inc. v. Praxair, Inc.*, 228 F. App'x 983, 985 (Fed. Cir. 2007) (citing *Rockwell International Corp. v. United States*, 147 F.3d 1358, 1366 (Fed. Cir. 1998)).

### 3. *Niizuma does not anticipate the asserted claims of the '974 patent*

For Niizuma, Defendants' Motion relies solely on deposition testimony from Plaintiffs' invalidity expert, Dr. Kahn, that Defendants believe contradict his opinions in his expert report. As discussed below, Defendants' reliance on that testimony is misplaced and insufficient for summary judgment.

**a.    "a tray or housing having a cavity or recess in which the panel member is entirely received" (from claims 1 and 7, *i.e.*, both asserted independent claims)**

Defendants' theory rests on combining two elements from Niizuma to create the purported tray/housing. Those elements are Niizuma's frame 8 and holder 5. Brief at 7-8. In his report, Plaintiffs' expert offered at least two reasons why Niizuma's frame 8 and holder 5 could not be combined. First, "frame 8 cannot be part of this limitation because it is not part of the alleged light emitting panel assembly; instead it fits over the alleged assembly." Kennedy Dec., Ex. A at 52 (referring back to an earlier explanation at 50-51). Second, Dr. Kahn opined that

> frame 8 and holder 5 cannot be combined to form the tray because they are not
> combined in Niizuma itself. As seen from Figure 1, holder 5 sits on circuit board
> 7 … Separately frame 8, which is larger than holder 5, fits over holder 5 and is
> attached to the circuit board 2. *See, e.g.*, Niizuma at Figures 1 and 2; [0018]
> ('Without changing anything, the frame (8) is fitted to the outer perimeter of the
> holder (5) and attached to the printed circuit board (7). The frame (8) is fixed to
> the printed circuit board (7) by the insertion of its latching pieces (8b, 8b, …)
> through the latching holes (7b, 7b, …) on the printed circuit board (7) and the
> bending of its latching pieces (8b, 8b, …) at the back of the printed circuit board

(7).'). Thus, Niizuma does not attach or combine holder 5 and frame 8 together to create a tray/housing. Instead frame 8 is latched to circuit board 7 and simply placed over holder 5.

*Id.* at 52-53(emphasis and selected citations in report removed).

When asked whether frame 8 and holder 5 would create a housing, Dr. Kahn testified that it would not necessarily be the housing of '974 patent:

```
        Q.   Do you agree that frame 8, together with
    holder 5, would create a housing?
        A.   Yes.  But not necessarily the housing that
    is claimed by Mr. Parker.
```

Kennedy Dec., Ex. B at 109:4-7. Thus all of the testimony from Dr. Kahn that Defendants cite in their Brief was already qualified by Dr. Kahn's statement that the "housing" being discussed was not "necessarily the housing claimed by Mr. Parker." As discussed above, Dr. Kahn explained in his report why the combination of frame 8 and holder 5 does not create the "housing" as claimed by Mr. Parker (the inventor of the '974 patent), namely because (1) they are not combined in Niizuma itself; and (2) frame 8 is not part of the light emitting assembly in Niizuma. Defendants never questioned Dr. Kahn about those opinions. Kennedy Dec., Ex. B at 109:4 through 110:24. And Defendants never asked Dr. Kahn if he was revoking those opinions. *Id.* Thus, Defendants' premise for its Motion on this term does not stand, and a genuine issue of material fact remains.

Even if Dr. Kahn had testified at his deposition as Defendants characterize it, issues of material fact would remain because Dr. Kahn's expert report still explains that Niizuma does not meet this limitation. *See supra* and II.A.1; *see also M2M Sols. LLC v. Motorola Sols., Inc.*, No. CV 12-33-RGA, 2016 WL 70814, at *9 (D. Del. Jan. 6, 2016) ("Even if I were to accept the rather strained notion that Dr. Nettleton's answers to these questions are clear admissions that

AT Commands modify the accused modules, these statements are directly contradicted by the clearer statements in Dr. Nettleton's expert report and the admissions of Defendants' Rule 30(b)(6) witness. To the extent Defendants think they caught Dr. Nettleton in a 'smoking-gun' moment, based on his 'admission' contradicting his expert report, these statements would only go toward his credibility as a witness and the weight a jury might accord his testimony. Accordingly, I have little difficulty in concluding that Defendants are not entitled to summary judgment on these grounds, as there are disputed issues of material fact."). Dr. Kahn's reasoned opinions in his expert report cause at least a "'battle of the experts' that is not amenable to resolution prior to the presentation of evidence, including testimony." *Transcenic, Inc. v. Google, Inc.*, No. CV 11-582-LPS, 2014 WL 7275835, at *2 (D. Del. Dec. 22, 2014) (citing *Transonic Sys., Inc. v. Non–Invasive Med. Techs. Corp.*, 143 Fed. Appx. 320, 330 (Fed. Cir. July 25, 2005); *Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1036 (9th Cir. 2003); *Rockwell Int'l Corp. v. United States*, 147 F.3d 1358, 1364 (Fed.Cir.1998)).

      b.    **"a pattern of light extracting deformities" (claims 1 and 7, *i.e.*, both asserted independent claims)**

For this term, Defendants again argue that no issue of material fact exists because of Plaintiffs' expert's, Dr. Kahn's, deposition testimony. Brief at 8-9. But Dr. Kahn's report states that "Niizuma does not disclose any details about whether its 'finely serrated or ridged grooves' are actually a pattern and thus it does not disclose this limitation." Kennedy Dec., Ex. A at 53. "Invalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000); *see also Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331, 1353 (Fed. Cir. 2016). Plaintiff's expert's

opinion that the four corners of Niizuma do not disclose the claimed pattern is further supported by Defendants' invalidity expert's unwillingness to discuss whether Niizuma disclosed a pattern in his opening report. As Plaintiff's expert commented, "Dr. Escuti ignores whether the 'finely serrated or ridged grooves' actually make up a 'pattern' as required by the claim." Kennedy Dec., Ex. A at 53; Ex. C at 115, ¶¶ 327-328. Defendants' citation to the deposition testimony of Plaintiffs' expert is insufficient to cancel out the opinions in Plaintiff's expert report and the omissions of Defendants' own expert. *M2M Sols. LLC v. Motorola Sols., Inc.*, No. CV 12-33-RGA, 2016 WL 70814, at *9 (D. Del. Jan. 6, 2016).

      c.      **Tray/Housing with End Walls and Side Walls (claims 1 and 7, *i.e.*, both asserted independent claims)**

Again Defendants argue that no issue of material fact exists because of Dr. Kahn's deposition testimony. Brief at 9-10. Again Dr. Kahn's report contains opinions that this limitation is not met by Niizuma. *See* II.A.1. Specifically, Dr. Kahn states that "element 5 from Niizuma is open at both ends and as such it does not have end walls. *See, e.g.* Niizuma at Figure 1 (as annotated to show a side wall, highlighting the missing end wall)."



[Drawing 1]

Kennedy Dec., Ex. A at 53-54. Dr. Kahn continued his opinion, noting that "Dr. Escuti does not identify the particular walls of element 5 that he contends makes up the end walls and side walls presumably because he cannot." *Id.* at 54; *see also* Ex. C at 115-116, ¶¶ 329-330. As before, Defendants' citation to the deposition testimony of Plaintiffs' expert is insufficient for summary judgment in light of Plaintiffs' expert's report and the omissions of Defendants' own expert. *M2M Sols.*, 2016 WL 70814, at *9.

**d.    wherein the tray or housing provides a support for supporting and/or positioning a film near the panel member (dependent claim 5)**

Defendants continue arguing that no issue of material fact exists because of Dr. Kahn's deposition testimony. Brief at 10-11. Again Dr. Kahn's report contains direct opinions that this limitation is not met by Niizuma. *See* II.A.1. For example, Dr. Kahn explains that "the light diffusing film 3 fits directly on top of the light conductor 4 … Because film 3 fits directly on top of light conductor 4, neither holder 5 or frame 8 provides a support for supporting and/or

positioning a film near the panel member." Kennedy Dec., Ex. A at 54-55 (also reproducing Dr.

Escuti's annotated Drawing 3 from Niizuma for context below).



Dr. Kahn continued his opinion, noting that

> [e]ven elements 5f of holder 5 do not meet this limitation because they do not
> 'provide[] a support for supporting and/or positioning a film near the panel
> member.' As shown in Figure 3 above, those elements are beside the film 3 on its
> ends as it sits on light conductor 4. Niizuma itself notes that elements 5f do not
> relate to whether film 3 is near light conductor 4. Niizuma at [0024] ('in this
> Example extruding pieces (5f, 5f, …) are formed on the front of the holder (5) as
> locking parts to control the movement of the LCD (1) in the direction of both
> ends.').

*Id.* at 55. At his deposition, Dr. Kahn maintained his opinion that tabs 5f of Niizuma do not

position film 3 near light conductor 4. Kennedy Dec., Ex. B at 124:25 through 125:2 ("Q. But

you agree that the tabs 5F are positioning film 3 near the light conductor 4? A. They provide a

positioning function, yes."). Notably, Dr. Kahn did not admit that tabs 5f position the film near

the light conductor; he simply said that a positioning function is performed by tabs 5f.

Regardless, even if Dr. Kahn's deposition testimony did contradict his report, that is insufficient

for summary judgment. *M2M Sols.*, 2016 WL 70814, at *9.

### 4. *Kobayashi does not anticipate the asserted claims of the '370 patent*

Defendants argue that "all of the asserted claims of the '370 patent are anticipated by Kobayashi." Brief at 13. To support their argument, Defendants' Motion cites to an *inter partes* review ("IPR"), the accused products, the testimony of Plaintiffs' infringement expert, and the testimony of Plaintiffs' invalidity expert. As discussed below, none of that evidence rises to the level required for summary judgment.

Defendants start by citing to the following *inter partes* review: IPR2014-01096. Brief at 11-12. But Defendants omit a critical detail from that discussion. The Patent Trial and Appeal Board ("PTAB") refused to institute that IPR on the ground of Kobayashi for each of the claims at issue there (claims 1, 4, and 29) and for Kobayashi in view of Pristash (claims 13 and 47), covering all the asserted claims here. Kennedy Dec., Ex. D at 13-15. The standard for institution of an IPR is "reasonable likelihood that the petitioner will prevail" (35 U.S.C. § 314) and the burden is "preponderance of the evidence" (35 U.S.C. § 316(e)). Defendant LG was the petitioner in that IPR, and now LG asks this Court to grant summary judgment based on the same references.[1] If LG cannot meet the "reasonable likelihood" and "preponderance of the evidence" standards for institution of an IPR, Defendants cannot meet the much higher burden for summary judgment of invalidity.

### a.    "both the front and back sides having a pattern of light extracting deformities that are projections or depressions …" (claims 1, 4 (/1), 13, 29, and 47)

In IPR2014-01096, the PTAB refused to institute the ground based on Kobayashi because LG failed to "explain how the spot-shaped reflecting layers, produced by white paint or aluminum vapor deposition, qualify as 'projections or depressions.'" Kennedy Dec., Ex. D at 14. The PTAB also noted that Dr. Escuti, Defendants' invalidity expert in both the IPR and this

---

[1] Defendants' attempt to revive this prior art shows that their efficiency arguments for staying the case based on IPRs is flawed.

lawsuit, failed to explain whether Kobayashi disclosed "projections or depressions." *Id; see also* Kennedy Dec., Ex. E at 76-78, ¶¶ 203-206. Dr. Escuti's initial unwillingness to opine that Kobayashi disclosed "projections or depressions," and his subsequent willingness in this lawsuit to render that opinion makes summary judgment on Kobayashi unwarranted here. *See Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373, 1384 (Fed. Cir. 2011) ("Where there is a material dispute as to the credibility and weight that should be afforded to conflicting expert reports, summary judgment is usually inappropriate. *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1578 (Fed. Cir. 1991) ('To the extent that apparent inconsistencies among the [expert's] three declarations raise questions of credibility and weight ... they were improperly resolved on summary judgment.'). Ball's various arguments regarding Mr. Higham's change in position during the prosecution and throughout the course of this litigation are proper matters for a jury to weigh in making a credibility determination. Accordingly, we reverse the district court's holding with respect to anticipation and remand for trial.").

Moreover, because the PTAB can consider evidence not cited in the Petition itself, yet it still refused to institute the Kobayashi ground also shows that summary judgment should not be granted here. *See Genzyme Therapeutic Prod. Ltd. P'ship v. Biomarin Pharm. Inc.*, 825 F.3d 1360, 1369 (Fed. Cir. 2016) ("This court has made clear that the Board may consider a prior art reference to show the state of the art at the time of the invention, regardless of whether that reference was cited in the Board's institution decision.").

Defendants do not cite to any description in Kobayashi of the "spot-shaped reflecting layers," to show that they are "projections or depressions." Brief at 13-17. Instead, Defendants compare the photographs of the accused to products to the figures in Kobayashi. This is

insufficient proof for summary judgment on invalidity. Simply because some of the photographs of the accused products may have similar shapes when viewed from above is not sufficient proof that Kobayashi discloses "projections or depressions." *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("mere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity."). Even if comparing the prior art to the accused products were appropriate, there is not enough proof here that Kobayashi is sufficiently similar to the accused products. Defendants offer no proof from Kobayashi's description that its spot-shaped layers are projections or depressions. In comparison, Plaintiffs have the accused products themselves as evidence and their expert has consistently opined that the deformities of the accused products that he inspected and identified are projections/depressions. *See, e.g.,* Case No. 13-cv-2109 (LG case), Plaintiffs' Responsive Brief Opposing Defendants' Motion for Summary Judgment of Non-Infringement at II.B.2, 4, 8 and 11.

Moreover, Plaintiffs' invalidity expert agreed with the conclusion of the PTAB, and opined that Kobayashi did not disclose "projections or depressions." Kennedy Dec., Ex. A at 100, ¶¶ 170-173. Plaintiffs' expert further explained that "person of ordinary skill in the art would understand that the drawings in Kobayashi are not drawn to scale. Particularly with respect to the representation of the spot-shaped layers in Figs. 1 and 4, I understand that Kobayashi was not attempting to demonstrate that the spot-shaped layers were protuberances, but instead simply to assist a reader in determining where the spots are located when viewing the schematic from the side." Kennedy Dec., Ex. A at 100, ¶ 174. In his reply report, Defendants' invalidity expert agreed that Kobayashi was not drawn to scale, yet he concluded the opposite from Plaintiffs' expert. Kennedy Dec., Ex. F, at 28, ¶ 86. "On summary judgment, the Court is

not permitted to weigh the testimony of the competing experts and draw its own conclusion" and testimony of the non-movant's expert "cannot be disregarded." *HSM Portfolio LLC v. Elpida Memory Inc.*, 160 F. Supp. 3d 708, 727 (D. Del. 2016). Given the competing testimony of Plaintiffs' and Defendants' experts, summary judgment is unwarranted here.

Defendants argue that Plaintiffs' invalidity expert, Dr. Kahn, "admitted that spot-shaped reflecting layers 22 were indeed projections" in his deposition. Brief at 15. But Defendants ignore that Dr. Kahn testified regarding Kobayashi that "that these spots, in context with what we discussed earlier, are effectively flat. Thus, a person of ordinary skill in the art would not understand them to be projections or depressions." Kennedy Dec., Ex. B at 191:5-9; *see also id.* at 193:17-19 ("I did state my opinion that Kobayashi's spot-shaped layers are not projections or depressions as required by the claims."). But even if Dr. Kahn had testified at his deposition as Defendants' incorrectly characterize it, that testimony still would not rise to the level needed for summary judgment given the plain statements in Dr. Kahn's expert report. *M2M Sols.*, 2016 WL 70814, at *9.

Defendants next cite to the testimony of Plaintiff's infringement expert, Mr. Bohannon. Mr. Bohannon did not testify about Kobayashi and he did not write a report addressing Kobayashi. *See* Brief at 15-16. Mr. Bohannon's testimony cannot result in a summary judgment of invalidity when Plaintiffs' invalidity expert has made unequivocal statements in his report and in his deposition that Kobayashi does not meet this limitation. *HSM Portfolio LLC v. Elpida Memory Inc.*, 160 F. Supp. 3d 708, 727 (D. Del. 2016).

For the "projections or depressions" limitation, Defendants' motion ignores (1) the PTAB's ruling; (2) their own expert's prior declaration before the PTAB; (3) Plaintiffs' invalidity expert's report; and (4) the parts of Plaintiffs' invalidity expert's deposition that weigh

---

**RESPONSIVE BRIEF OPPOSING SUMMARY JUDGMENT OF INVALIDITY**                    **PAGE 14**

against their position. The "projections or depressions" limitation is required in all of the asserted claims. *See* Kennedy Dec., Ex. G, '370 patent at independent claims 1, 13, 29, and 47.  Given Plaintiffs' evidence that Kobayashi does not disclose deformities that are "projections or depressions," summary judgment cannot be found for any of the asserted claims based on anticipation by Kobayashi.

5. ***Kobayashi in view of Pristash does not render obvious the asserted claims of the '370 patent***

Defendants state that "all the asserted claims are invalid as obvious over Kobayashi in view of Pristash in view of the PTAB's Final Written Decision." Brief at 13. But the body of the Brief as well as their own expert's written report only argue this obviousness combination for claims 13 and 47. Brief at 19; Kennedy Dec., Ex. C at 223-235. Thus, at the outset, Defendants cannot credibly argue that any claims beyond 13 and 47 are obvious in view of Kobayashi combined with Pristash.

Defendants argue that "claims 13 and 47 are still invalid as obvious over Kobayashi in view of Pristash based on the PTAB's Final Written Decision in IPR2014-01096," (Brief at 19) when the PTAB expressly refused to grant institution of claims 13 and 47 based on that very same ground. Kennedy Dec., Ex. D at 15. Further ignoring that decision, Defendants fail to address how the combination of Kobayashi in view of Pristash discloses "deformities that are projections or depressions," as required by all the asserted claims. Defendants' expert relies solely on Kobayashi to disclose this limitation. *See* Kennedy Dec., Ex. H at 3-5. As discussed in the previous section, there is at least a genuine dispute over whether Kobayashi actually meets that limitation. And Plaintiffs' expert explicitly disputes that Kobayashi in view of Pristash meets this limitation. *See* Kennedy Dec., Ex. A at 104, ¶189 (incorporating his discussion that Kobayashi does not disclose element [13.c], which is the "projections or depressions"

---

**RESPONSIVE BRIEF OPPOSING SUMMARY JUDGMENT OF INVALIDITY**                    **PAGE 15**

limitation). Accordingly, Defendants' argument for summary judgment based on obviousness using Kobayashi in view of Pristash fails.

## IV.    CONCLUSION

As shown in this responsive brief, Defendants have not met their burden to show that no genuine issue of material fact exists for their positions that (1) Niizuma anticipates the asserted claims of the '974 patent; (2) Kobayashi anticipates the asserted claims of the '370 patent; and (3) Kobayashi in view of Pristash renders claims 13 and 47 obvious.  As such, Plaintiffs ask that the Court deny Defendants' Motion in-full.


DATED:        September 16, 2016        Respectfully submitted,

**FARNAN LLP**

*/s/ Brian E. Farnan*
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Jeffrey R. Bragalone (admitted *pro hac vice*)
Patrick J. Conroy (admitted *pro hac vice*)
Justin B. Kimble (admitted *pro hac vice*)
Daniel F. Olejko (admitted *pro hac vice*)
T. William Kennedy, Jr. (admitted *pro hac vice*)
Stephanie Wood (admitted *pro hac vice*)
James R. Perkins (admitted *pro hac vice*)

**BRAGALONE CONROY P.C.**
Chase Tower,
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jkimble@bcpc-law.com
dolejko@bcpc-law.com
bkennedy@bcpc-law.com
swood@bcpc-law.com
jperkins@bcpc-law.com

Attorneys for Plaintiffs
**DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC**